# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2563

_____

United States of America,        *
        *
        Plaintiff – Appellant,    *   Appeal from the United States
        *   District Court for the
    v.        *   Northern District of Iowa.
        *
Michael Ingram,        *   [UNPUBLISHED]
        *
        Defendant – Appellee.   *

_____

Submitted: December 9, 2008
Filed: February 2, 2009 (Corrected: 02/10/2009)

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

The government appeals the district court's order, which declined to find that appellee-defendant Michael Ingram had a prior penalty-enhancing felony drug conviction in Illinois. Several of the government's exhibits, which came from the clerk of the court, indicate that Ingram had been convicted under 720-570/401(D) of the Illinois code. As only 720 ILCS 570/401(d) exists, which makes it a felony to manufacture or deliver certain narcotic drugs, the district court refused to apply a penalty-enhancement based on the capitalization of the subsection "d." We vacate and remand on the issue of whether the reference in the exhibits to 720-570/401(D) of the Illinois code means 720-570/401(d).

On October 26, 2007, Ingram faced charges of conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine that contained cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On February 4, 2008, the government filed a 21 U.S.C. § 851 notice that it would seek an enhanced sentence under 21 U.S.C. § 841(b)(1)(A) based on Ingram's prior felony drug conviction in Illinois. The notice stated that the prior conviction for a felony drug offense resulted from Ingram's "[m]anufacture/delivery of controlled substance, in Circuit Court of Cook County, Illinois, on or about October 24, 2001, in case number 01CR2195101." Ingram did not object, nor did he object to the underlying facts as listed in his pre-sentence investigative report.

In March 2008, a jury found Ingram guilty as charged. The court scheduled sentencing for June 16, 2008. Absent the penalty-enhancement to a 20-year minimum sentence, Ingram's advisory sentencing guidelines range would be 168 to 210 months.

On June 13, 2008, Ingram filed a "denial as to the allegations of the . . . prior conviction." He claimed without explanation that he had not been convicted of the Illinois drug-trafficking offense and therefore should not receive an enhanced sentence.

At the sentencing hearing, the government presented several exhibits which were admitted into evidence. One of these consisted of a "Certified Statement of Conviction" from the Clerk of the Circuit Court of Cook County, Illinois, which showed that Ingram had been convicted of OTHER AMT NARCOTIC, in violation of 720-570/401(D) of the Illinois statutory code. The clerk had included an "F" notation, apparently to denote that the conviction constituted a felony, on the same line as the statute of conviction. Several of the other exhibits also indicated that Ingram had been convicted under 720-570/401(D) of the Illinois code. Such exhibits

-2-

included the Illinois criminal complaint, the information, the order of sentence, and a Drug Enforcement Administration (DEA) rap sheet. These reports contained much in the way of capitalized text.

The government also provided the district court with a copy of 720 ILCS 570/401(d). Combined with the umbrella section of 720-570 ILCS 401, section 401(d) makes it a felony to "manufacture or deliver," "or possess with intent to manufacture or deliver," certain "Schedule I or II" controlled substances, including crack cocaine.

The district court determined that none of the government's exhibits showed that 720-570/401(D) referred to an actual Illinois statute or that it constituted a felony conviction. The district court therefore found that the Illinois conviction did not qualify as a predicate for purposes of 21 U.S.C. § 841(b)(1)(A), but postponed sentencing to allow a government appeal pursuant to 21 U.S.C. § 851(d)(2).

On appeal, the government argues that the district court erred in finding that Ingram did not have a previous drug conviction in Illinois. The government's exhibits show that Ingram had violated 720-570/401(D) of the Illinois code, which the government contends means 720-570/401(d). Although 720-570/401(D) does not exist, 720-570/401(d) prohibits possession with intent to distribute crack cocaine. A conviction under 720-570/401(d) is a "felony drug offense" within the meaning of 21 U.S.C. § 802(44). United States v. Roundtree, 534 F.3d 876, 882 (8th Cir. 2008).

On this record, we do not determine whether 720-570/401(D) of the Illinois Code means 720-570/401(d). In light of the special circumstances[1] existing in the

_____

[1]The element of surprise disadvantaged the government when Ingram, on the last business day before sentencing, denied that he had a drug conviction in Illinois, despite having sufficient notice of the government's intention to seek a penalty-enhancement based on this conviction.

presentation of the evidence regarding sentencing in this case, we believe that the government should have the opportunity to establish that the "D" in the transmission of the code section from the Illinois court records refers to the section of the statute containing the small "d." Cf. People v. Moore, 847 N.E.2d 829, 841 (Ill. App. 2006). We therefore vacate the district court's order and remand for such a determination and for other action as may be appropriate in light of any new evidence relating to an alleged prior felony drug conviction of Ingram in the Illinois courts.

_____