# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2121

_____

United States of America,        *
                                    *

        Plaintiff - Appellee,     *

                                    *   Appeal from the United States

     v.                         *   District Court for the

                                    *   Northern District of Iowa.

Michael Ingram,             *

                                    *

        Defendant - Appellant.   *

_____

Submitted: September 23, 2009
Filed: February 10, 2010

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

BRIGHT, Circuit Judge.

This case comes before us for the second time. In the first case, an interlocutory appeal under 21 U.S.C § 851(d)(2), the government argued the single issue that the district court erred in not determining that Ingram had a prior penalty-enhancing felony drug conviction that would have required him to serve a mandatory-minimum 20-year sentence. We remanded on this sentencing issue for further consideration. *See United States v. Ingram*, 309 Fed. Appx. 66 (8th Cir. 2009). After hearing additional evidence from the government on remand, the district court[1] determined

_____

[1]The Honorable Mark W. Bennett, Judge, United States District Court for the Northern District of Iowa.

Ingram had a prior felony drug conviction and imposed the mandatory minimum sentence of 240 months (20 years). Ingram now appeals the judgment and sentencing order, arguing the district court erred in denying his motion to suppress evidence, in denying his motion for a new trial for error in jury instructions, and in sentencing him to a mandatory minimum of twenty years. We affirm the conviction and sentence.

## I.    Background

On August 7, 2007, drug task force members conducted surveillance and prepared to execute a search warrant on an apartment in South Sioux City, Nebraska. Task Force Officer Terry Kenny witnessed Michael Ingram, another adult, and a child leave the apartment and drive away in a vehicle. Officer Kenny directed Nebraska State Trooper Dail Fellin, who was nearby in a marked law enforcement vehicle, to follow the vehicle. Trooper Fellin initiated a stop after observing that the vehicle's right taillight was not functioning. Trooper Fellin approached the driver's side and Officer Kenny approached the passenger's side. Both officers asked the occupants of the vehicle to get out of the car. Officer Kenny asked Ingram to move to the front of the vehicle, place his hands on the hood, and inquired if there was anything that could get Ingram in trouble. Ingram responded that he had marijuana in his pocket. Officer Kenny placed Ingram in handcuffs and patted him down. Officer Kenny found marijuana and crack cocaine on his person. The officers took Ingram into custody and obtained a search warrant for his apartment. Police found money, items for cooking cocaine, and large quantities of crack cocaine in his residence.

In October 2007, the government charged Ingram with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine that contained a cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Before trial, Ingram moved to suppress the evidence seized during the traffic stop and subsequent search of his apartment and statements he made to law enforcement after his arrest. After an

evidentiary hearing, the magistrate judge[2] issued a report and recommendation, recommending the district court suppress Ingram's pre-*Miranda* statements and deny Ingram's motion to suppress the evidence seized during the traffic stop.

Ingram objected to the magistrate's report and recommendation, arguing he was illegally searched. The district court reviewed the record *de novo*, overruled Ingram's objections, and accepted the magistrate's report and recommendation.

In February 2008, the government filed a notice that it would seek an enhanced sentence under 21 U.S.C. § 851 based on Ingram's prior felony drug conviction in Illinois. The notice identified Ingram's prior conviction as one for "[m]anufacture/delivery of controlled substance, in Circuit Court of Cook County, Illinois, on or about October 24, 2001, in case number 01CR2195101."

Before trial, the government moved for a preliminary determination regarding the admissibility of evidence of Ingram's prior conviction, and Ingram cross-moved to exclude evidence of his prior conviction. The court preliminarily determined the evidence was admissible and instructed the jury regarding its consideration of Ingram's prior drug offenses.

During the March 2008 trial, the government offered a certified statement of conviction from the State of Illinois to establish Ingram's prior conviction. Ingram objected to the admission of the exhibit, and the government withdrew its request to introduce evidence of Ingram's prior conviction. At the close of the case, upon Ingram's request, the court instructed the jury that it had withdrawn one of the preliminary jury instructions.

---

[2]The Honorable Paul A. Zoss, Chief United States Magistrate Judge for the Northern District of Iowa.

The jury found Ingram guilty of the charged offense. Ingram moved for a new trial, arguing he was prejudiced by the preliminary jury instruction that informed the jurors that they may hear evidence of a prior conviction for a drug-related offense. The court denied Ingram a new trial.

The district court scheduled Ingram's sentencing for June 16, 2008. Before sentencing, the probation officer provided the parties with a presentence investigation report (PSR). The PSR scored Ingram's sentence on the basis of a prior felony conviction, computed Ingram's guideline range to be 168 to 210 months (14 to 17.5 years), but noted Ingram's mandatory minimum sentence with the prior conviction enhancement was 240 months (20 years).

On June 13, 2008, Ingram filed a denial as to the allegations of the prior conviction. In response, the government filed a sentencing memorandum that (1) claimed that Ingram's filing was untimely under the local court's rules; and (2) requested, in the alternative, that the court grant a continuance to allow the government sufficient time to present evidence of Ingram's prior conviction.

At the sentencing hearing, the government again requested a continuance. The district court overruled the government's request for a continuance, concluding Ingram's § 851 objection was timely under the statute and the government should be prepared to prove the prior conviction at the time of sentencing. The government introduced several exhibits, which the district court subsequently admitted. The first exhibit, a "Certified Statement of Conviction" from the Clerk of the Circuit Court of Cook County, Illinois, stated that Ingram had been convicted of "OTHER AMT NARCOTIC," in violation of Ill. Stat. 720-570/401(D). The clerk had included an "F" notation on the same line as the statute of conviction. Several other exhibits, including an Illinois criminal complaint, information, order of sentence, and Drug Enforcement Administration rap sheet, indicated that Ingram had been convicted under 720-570/401(D) of the Illinois code as well.

The government provided the district court with a copy of Ill. Comp. Stat. 720-570/401(d). Section 401(d) makes it a felony to "manufacture or deliver," "or possess with intent to manufacture or deliver," certain Schedule I or II controlled substances, including crack cocaine.

The court denied the government's request for a sentencing enhancement, reasoning that the government's evidence inconsistently identified the purported statute of conviction because some of the documents offered by the government identified the offense as a violation of 720 Ill. Comp. Stat. 570/401(<u>D</u>), although the government asserted Ingram violated 720 Ill. Comp. Stat. 570/401(<u>d</u>) (emphasis added). The court postponed sentencing to allow a government appeal.

On appeal, the government argued the district court erred in determining it had not proven Ingram's prior penalty-enhancing felony drug conviction. This court remanded on the sentencing enhancement. *Ingram*, 309 Fed. Appx. at 68 n.1.

On remand, the district court held an evidentiary hearing. The court found the government had proven beyond a reasonable doubt that Ingram had previously been convicted of a felony drug offense and imposed a sentence of 240 months (20 years). Ingram timely appealed the judgment and sentence.

II.    The Conviction

Ingram raises two issues challenging the merits of his conviction. First, he alleges that the district court erred in denying his motion to suppress evidence seized during the traffic stop and subsequent search of his apartment. Second, he asserts prejudice from the district court's preliminary instruction to the jury, informing them that they may hear evidence of a prior drug offense.

A.    The district court did not err by denying Ingram's motion to suppress

-5-

This court reviews a district court's factual determinations in support of its denial of a motion to suppress for clear error and its legal conclusions de novo. *United States. v. Hogan*, 539 F.3d 916, 921 (8th Cir. 2008).

Ingram acknowledges the officers had a valid basis to conduct a traffic stop of the vehicle in which he was a passenger. However, he argues the officers exceeded their scope of authority by removing him from the vehicle and extending the scope of the initial stop due to concerns for officer safety. The district court held Officer Kenny did not violate Ingram's Fourth Amendment rights because he was acting out of concerns for officer safety.

Officer Kenny testified at the motion to suppress hearing that he was aware that a firearm was present at the apartment Ingram had previously left. He testified that as a result of that information, he asked Ingram to exit the vehicle, come to the front of the car, place his hands on the hood, and questioned Ingram as to whether he possessed anything that could get him in trouble. After Ingram responded that he had marijuana in his pocket, Officer Kenny placed Ingram in handcuffs, patted him down, and retrieved marijuana and crack cocaine from Ingram's pocket.

Officer Kenny's testimony supported the district court's conclusion that Officer Kenny had reason to be concerned for his safety, and we affirm the denial of Ingram's motion to suppress.

B.    The district court did not err in denying Ingram's request for a new trial based on an alleged erroneous instruction

Ingram argues the district court erred in denying his motion for a new trial. He contends he was prejudiced by the court's preliminary jury instruction, which informed the jurors that they may hear evidence of a prior drug conviction, when the Government failed to admit such evidence at trial.

Before the trial began, the district court instructed the jury that it may hear evidence that the defendant has previously been convicted of a prior drug offense, and the jury could only consider that evidence to the extent that it related to the issues of the defendant's intent, knowledge, motive, and lack of mistake or accident in carrying out the acts for which he was charged.

Following the failure of the government to prove the prior conviction at trial, Ingram requested that the district court instruct the jury that there was no evidence that Ingram had a prior conviction and that the jury should disregard the preliminary instruction. The district court heeded Ingram's request, and at the close of the case, instructed the jury that it had made a change to one of the instructions (relating to the bad acts evidence) and that the instruction had no application to the case.

Ingram moved for a new trial, arguing he was prejudiced by the preliminary jury instruction. In denying the motion for a new trial, the court reasoned that the preliminary jury instruction used language that the jurors *may* hear evidence of prior bad acts and that it had cured any prejudice to Ingram by withdrawing that jury instruction, providing the jurors with a new set of instructions, and informing the jurors that it had removed that instruction because there was no evidence to support it.

We agree with the district court that Ingram has not shown he was prejudiced by the preliminary instruction, and we reject the claim of error.

III.    The Sentence Enhancement

Ingram asserts two arguments relating to the sentencing enhancement. First, he contends that our initial remand was improper because the grounds for the remand were not raised by the government in the first appeal. Second, he asserts the district

court erred on remand in concluding the government had presented sufficient evidence to prove a prior felony conviction under 21 U.S.C. § 851.

A.      The Government's initial appeal was properly remanded

As previously explained, the government sought a sentence enhancement to a mandatory minimum prison term of twenty years under 21 U.S.C. § 851.  In support of its request for a sentence enhancement, the government introduced several exhibits describing a prior narcotics conviction in violation of Ill. Comp. Stat. 720-570/401(D) (emphasis added).   However, as we noted in our prior opinion, "As only 720 ILCS 570/401(d) exists, which makes it a felony to manufacture or deliver certain narcotic drugs, the district court refused to apply a penalty-enhancement based on the capitalization of the subsection 'd.'" *Ingram*, 309 Fed. Appx. at 66.

The government initially appealed the district court's denial of its request to enhance Ingram's sentence, asserting that the exhibits demonstrated a conviction of the Illinois felony drug statute 720-570/401(d) even though the exhibits used an upper case "D."   In its brief, the government also inferentially suggested an element of unfairness existed in the proceeding, which we noted in footnote 1 of our previous opinion:

> The element of surprise disadvantaged the government when Ingram, on the last business day before sentencing, denied that he had a drug conviction in Illinois, despite having sufficient notice of the government's intention to seek a penalty-enhancement based on this conviction.

*Id.* at 68 n.1.

As already noted, we remanded the case to the district court "on the issue of whether exhibit 720-570/401(D) of the Illinois Code means 720-570/401(d)." *Id.* at 68. We further stated:

> We therefore vacate the district court's order and remand for such a determination and for other action as may be appropriate in light of any new evidence relating to an alleged prior felony drug conviction of Ingram in the Illinois courts.

*Id.* at 68.

On remand, the district court concluded that the government had established that Ingram had been convicted of a prior felony drug offense. The court sentenced Ingram to the 20-year mandatory minimum sentence. Now Ingram appeals, arguing we should not have remanded in the initial appeal because the government did not raise the issue of timeliness.

The contention that this court remanded on grounds not raised by the appellant deserves discussion. Although the government in its appeal did not specifically raise the issue of the timeliness of Ingram's objection to the use of his prior conviction, its brief gave attention to those circumstances:

> Defendant did not object to the fact of his conviction for this offense or the underlying facts as listed in his pre-sentence investigative report.
>
> On March 3, 2008, the case proceeded to a jury trial. (CD 125). Defendant was convicted two days later. (CD 131). The district court set sentencing for Monday, June 16, 2008. On Friday, June 13, 2008, the last business day before sentencing, defendant filed a "denial as to the allegations of the . . . prior conviction." He claimed, without any further explanation, that he had not been convicted of the Illinois drug-trafficking offense and that, accordingly, he "should be excepted from increased punishment." (CD 156). On Monday, June 16, 2008, just before the sentencing hearing, the government filed a sentencing

> memorandum that: (1) noted defendant's filing was untimely under the court's local rules; (2) requested a continuance of the sentencing hearing; and (3) stated that, in any event, several exhibits would be introduced at the hearing that would establish beyond a reasonable doubt defendant was convicted of the Illinois felony drug-trafficking offense. (CD 159).

Appellants Br. (No. 08-2563) at 4.

In response to questions from the court during oral argument in the first appeal, the government asserted that under the local rules of court for the Northern District of Iowa, Ingram made an untimely objection to the prior Illinois felony conviction, and, argued that if it had additional time, it could have provided evidence that the defendant had committed the felony crime under the lower case "d" of the Illinois statute.

Defense counsel responded to the timeliness argument, calling that contention a "red herring." In essence, although not specifically an issue in the interlocutory appeal, the parties disputed the timeliness of Ingram's objection to the use of the Illinois felony conviction for a sentencing enhancement and whether the government could have provided more evidence if the district court had granted a continuance. Thus, during oral argument the court and the parties treated the timeliness of Ingram's objection as an important matter and as one included in the government's claim that the court had erred at sentencing in rejecting the enhancement of the sentence. *See City of Sherrill v. Oneida Indian Nation of N.Y.*, 544 U.S. 197, 214 n.8 (2005) ("We resolve this case on considerations not discretely identified in the parties' briefs. But the question . . . is inextricably linked to, and is thus 'fairly included' within, the questions presented.") (quoting Sup. Ct. R. 14.1(a)); *id.* ("'Questions not explicitly mentioned but essential to analysis of the decisions below or to the correct disposition of the other issues have been treated as subsidiary issues fairly comprised by the question presented.'") (quoting R. Stern et al., *Supreme Court Practice* 414 (8th ed. 2002)); *Ballard v. Comm'r*, 544 U.S. 40, 46-47 & n.2 (2005) (evaluating "a question

anterior" to the "questions the parties raised," and deciding the case on a ground to which "the parties did not discretely refer"); *Long Island Sav. Bank, FSB v. United States*, 503 F.3d 1234, 1244-45 (Fed. Cir. 2007) (applying the reasoning of *City of Sherrill* in the court of appeals).[3]

Having concluded that the issue of timeliness was fairly encompassed by the appeal, the panel further concluded that the district court should have granted the government's request for a continuance under the circumstances of this case. Even if a defendant does not waive for all time his right to deny a prior conviction under 21 U.S.C. § 851 by making no objection to the presentence report, failing to file a timely sentencing brief in accordance with the local rules, and waiting to object until the last business day before sentencing, this does not mean that Congress authorized a defendant to use the element of surprise to gain a strategic advantage. A district court still can abuse its discretion by refusing to grant a continuance when opposing counsel has insufficient time to prepare and the refusal to grant a continuance causes prejudice. *E.g.*, *United States v. Vesey*, 330 F.3d 1070, 1072 (8th Cir. 2003). Otherwise, in this context, the government could be required to subpoena clerks of court from around the country to testify at numerous sentencing hearings, just in case a defendant were to make a tactical eleventh-hour objection to a prior conviction.

Further, our decision to remand the case came within the specific authorization to a federal appellate court under 28 U.S.C. § 2106:

---

[3]We note, moreover, that this court has raised issues *sua sponte* on behalf of criminal defendants where a plain error affected substantial rights, *e.g.*, *United States v. Foster*, 575 F.3d 861, 864 (8th Cir. 2009); *DeRoo v. United States*, 223 F.3d 919, 926 (8th Cir. 2000); *United States v. Granados*, 168 F.3d 343, 346 (8th Cir. 1999), and we have never said that the authority to do so runs only one way in a criminal case. This case is readily distinguishable from *Greenlaw v. United States*, 128 S. Ct. 2559 (2008), where the government did not even file a notice of appeal to challenge the district court's judgment, and simply argued for an affirmance. Here, the government clearly sought "appellate correction" of a "sentencing error[]" by the district court. *See id.* at 2565-66.

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

If Ingram believed that the panel should not have remanded the case in its prior opinion because the government failed to raise the issue of timeliness, he should have filed a petition for rehearing to the panel to challenge the remand. *See* Fed. R. App. P. 40. Ingram did not seek relief in any form from this initial remand. And his complaint that remand was improper comes too late.

Moreover, we observe that the government made a strong case that it had established that Ingram had been convicted of a prior felony drug offense. The Illinois court records established that Ingram had been convicted of a felony drug offense, except the records referenced a capital "D" whereas the Illinois statute referenced a lowercase "d." While the panel in the first appeal reached consensus on the disposition of remand, if it had been necessary to reach the ultimate question, our judgment likely would have been that the district court clearly erred in failing to apply the § 851 enhancement.[4]

---

[4]The certified statement of conviction set forth the description of the offense in all capital letters – "OTHER AMT NARCOTIC SCHED I & II" – and reported the corresponding Illinois Code section with a capital letter – "720-570/401(D)." The charging document alleged in all capital letters that Ingram "POSSESSED WITH INTENT TO DELIVER . . . LESS THAN 1 GRAM OF A SUBSTANCE CONTAINING A CERTAIN CONTROLLED SUBSTANCE, TO WIT: COCAINE, IN VIOLATION OF CHAPTER 720 ACT 570 SECTION 401(D)." The sentencing order likewise described the charge as "PCS W/I" (presumably, "possession of a controlled substance with intent"), and listed a statutory citation of "720-570/401(D)." As there is no first-level subsection that begins with a capital "D" in section 720-570/401, the government directed the district court's attention to subsection 720-570/401(d). This subsection defined the offense of possession with intent to distribute

-12-

In our prior opinion we referred to "the special circumstances existing in the presentation of the evidence regarding sentencing" as justifying the remand. We stand by that statement for the reasons stated in this opinion. In light of the whole record, we reject defendant's assertion that this court's remand was improper, that the remand prejudiced Ingram, or that we should reconsider our earlier decision regarding remand. The precedent of this case will require the government to present full and accurate records of prior convictions, otherwise the proof may be deemed inadequate.

B.    The district court did not err in concluding the government had presented sufficient evidence to prove a prior felony conviction under 21 U.S.C. § 851

Ingram argues the government did not prove that he had previously been convicted of a prior felony drug offense under 21 U.S.C. § 851 and 21 U.S.C. § 841(b)(1).  Ingram contends that the government was unable to specify with sufficient particularity what his prior felony drug offense was, and, therefore, it could not have met its burden on this issue.  We disagree.

Under 21 U.S.C. § 841, it is illegal for a person to manufacture, distribute, dispense, or possess with the intent to manufacture, distribute, or dispense, a

controlled substances classified in Schedules I or II, including "a narcotic drug," for amounts less than the quantities set forth in subsections (a), (b), and (c), including less than one gram of cocaine.  *See* 720 Ill. Comp. Stat. 570/401(c)(2).  Although subsection (d) matched the charging document and the description in the certified statement of conviction – "OTHER AMT NARCOTIC SCHED I & II," given that cocaine is a Schedule II controlled substance, 720 Ill. Comp. Stat. 570/206(b)(4), and a "narcotic drug," 720 Ill. Comp. Stat. 570/102(aa)(4), the district court apparently misread 720-570/401(d) as applying only to methamphetamine and LSD.  (S. Tr. 64:12-18).  Once subsection 720-570/401(d) is properly understood, the government submitted a strong case that Ingram was convicted under that subsection.  We note, moreover, that the Appellate Court of Illinois recognized in *People v. Moore*, 847 N.E.2d 829 (Ill. App. Ct. 2006), that a criminal history report describing a violation of "720-570/401(D)" referred to subsection 720-570/401(d).  *Id*. at 841.

controlled substance. 21 U.S.C. § 841(a). An individual who commits such a violation after a prior conviction for a felony drug offense shall be sentenced to a minimum term of imprisonment of twenty years. 21 U.S.C. § 841(b)(1). At a hearing for a sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851(c)(1), the government has the burden of proof beyond a reasonable doubt on any issue of fact. *United States v. Pratt*, 553 F.3d 1165, 1169 (8th Cir. 2009).

Section 841 does not require that the government prove a defendant was convicted under a particular statutory provision. Rather, it only requires proof of a prior felony drug offense. On remand, the government introduced the testimony of Richard Casey, the office manager and deputized clerk of the Cook County, Illinois Clerk of Court's office. Mr. Casey testified that he had familiarity with the documentation, filing, and computer systems of the clerk's office. He testified that the government's exhibits were Cook County court records from file number 01CR2195101 and the case name was Michael Ingram.

Mr. Casey testified that the first exhibit was a certified statement of conviction, and his testimony established beyond any reasonable doubt that Ingram had been convicted of a prior felony offense. Mr. Casey stated that this exhibit indicated that Ingram pled guilty to that offense, the violation was for a felony offense, and there was no evidence it was reduced from a felony to a misdemeanor. Mr. Casey also testified as to exhibit five, a sentencing order. Mr. Casey stated that the sentence described the charges as possession of a controlled substance with intent to deliver. Mr. Casey further testified that the statute cited in Ingram's court document was for a drug statute.

Ingram also argues that the district court erred in admitting evidence of a certified copy of a conviction and that admission of such evidence violated the Sixth Amendment Confrontation Clause. We have considered these arguments and conclude they are without merit.

III.   Conclusion

Accordingly, we affirm the conviction and sentence.

_____