# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1287

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Antwain Modisett

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: February 16, 2018
Filed: April 26, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, MURPHY and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After a five day trial, a jury found Michael Modisett guilty of conspiracy to possess with intent to distribute and distribute over 1,000 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. Because the government established that

Modisett had two prior felony drug convictions, the district court[1] sentenced him to a mandatory minimum sentence of life in prison under § 841(b)(1)(A). He appeals, claiming the district court gave an unfairly prejudicial limiting instruction, the government did not prove one of his prior felony drug convictions, and the district court improperly adjusted his guideline range for obstruction of justice. We affirm.

Michael Modisett was a central figure in a heroin distribution network operating in Minnesota and North Dakota. He dealt large quantities of heroin throughout 2013 and recruited other dealers to do the same. At trial, one witness testified that she bought heroin from Modisett in the spring, summer, and fall of 2012. Upon redirect examination, she admitted it could have been in 2013. Another witness testified that she met Modisett in early 2012. Modisett had been incarcerated for most of 2012 as a result of a 2009 drug conviction. His attorney repeatedly used that fact to impeach the witnesses claiming to have interacted with Modisett during 2012. After both sides rested, the district court gave Jury Instruction 14 regarding the 2009 conviction:

> You have heard evidence that the defendant has a prior conviction for a drug-related offense. You may consider this prior conviction to help you decide the defendant's knowledge of the drug trade or his intent or motivation to distribute drugs. You should give this prior conviction the weight and value you believe it is entitled to receive.
>
> Remember, even if the defendant was convicted of a drug-related offense in the past, this is not evidence that he committed the alleged offense in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota, sitting by designation for the District of North Dakota.

is on trial only for the crime charged in the indictment, and you may consider the evidence of his prior conviction only on the issues stated above.

The 2009 conviction was one of two prior felony drug convictions that the government established through a § 851 information. At sentencing, the parties disputed whether the other conviction, a 2003 fifth degree possession offense for which Modisett received a 17 month prison sentence, also qualified. Ultimately, the district court found that the offense qualified, meaning that Modisett's mandatory minimum sentence was life in prison under § 841(b)(1)(A). Though Modisett's sentence was controlled by the mandatory minimum, the district court also enhanced his guideline offense level by two levels for obstruction of justice after a confidential informant reported hearing Modisett make threats against his attorney, government informants, the district court judge, and the prosecutor. See U.S.S.G. § 3C1.1. The threats were detailed in the presentence report, but not supported by evidence at sentencing.

First, Modisett argues that the district court erred when it issued Jury Instruction 14. He asserts that the instruction effectively prohibited the jury from considering the fact that Modisett was in prison for most of 2012 and thus could not have been involved in the drug trade during that time, contrary to witness testimony. Because Modisett did not timely object to the jury instruction, we review for plain error. United States v. Garcia-Hernandez, 803 F.3d 994, 996 (8th Cir. 2015). Under that standard, a defendant must show "(1) the district court committed an error, (2) the error is clear or obvious, and (3) the error affected his substantial rights." United States v. White Bull, 646 F.3d 1082, 1091 (8th Cir. 2011).

Jury Instruction 14 was modeled after Federal Rule of Evidence 404(b)(2), which states that evidence of prior crimes "may be admissible for . . . proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or

lack of accident." In keeping with that rule, the limiting instruction in this case was intended to minimize prejudicial inferences *against* the defendant on the basis of his prior *conviction*. The instruction did not prohibit the jury from considering the time period of Modisett's *incarceration* to the extent that it contradicted witness testimony and provided an alibi. The district court did not plainly err when it gave Jury Instruction 14.

Second, Modisett argues that he should not have received a mandatory minimum life sentence because the government did not properly establish his 2003 felony drug conviction beyond a reasonable doubt. We review the district court's factual findings as to whether the government proved a prior conviction beyond a reasonable doubt for clear error. United States v. Sanchez-Garcia, 461 F.3d 939, 947 (8th Cir. 2006).

A defendant convicted under § 841(a)(1) faces a mandatory life sentence if he has been convicted of two prior felony drug offenses. § 841(b)(1)(A). Section 841 "does not require that the government prove a defendant was convicted under a particular statutory provision. Rather, it only requires proof of a prior felony drug offense." United States v. Ingram, 594 F.3d 972, 981 (8th Cir. 2010). A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." § 802(44). To pursue an enhanced sentence under § 841(b)(1)(A), the government must file an information establishing the qualifying prior convictions. § 851. The government filed such an information in this case, relying on Modisett's 2003 and 2009 convictions. Modisett challenges only the 2003 conviction.

In its information, the government listed Modisett's 2003 offense as "Controlled Substance Crime Third Degree–Possession (Felony)" and provided the

following documents as evidence: warrant of commit, terms and conditions of stayed felony sentence, petition to enter plea of guilty, and the complaint. Modisett argues that this offense was actually for fifth degree possession and that the government did not prove that it was a prior felony drug offense.

As the district court observed, "it appears clear [] that [Modisett] pled guilty to a fifth degree felony drug offense." The petition to enter plea of guilty indicates that the offense is "a lesser degree or lesser included offense of the crime(s) charged," which was third degree possession of a controlled substance. The document titled "terms and conditions of stayed felony sentence" identifies the conviction as "5th poss." That same document shows that Modisett was sentenced to seventeen months in prison with credit for time served. Therefore, Modisett's offense was one "punishable by imprisonment for more than one year . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." See § 802(44). Accordingly, the district court did not clearly err when it determined beyond a reasonable doubt that Modisett's 2003 conviction qualified as a prior felony drug offense for purposes of § 841.

Finally, Modisett argues that the district court erred when it applied an upward adjustment to his guideline range for obstruction of justice. Because Modisett was correctly sentenced to a mandatory minimum of life in prison under § 841, his guideline range was in no way determinative of his sentence. Any error was therefore harmless. See United States v. Morales, 813 F.3d 1058, 1069 (8th Cir. 2016) (holding that any error in applying an obstruction of justice enhancement under the guidelines was harmless when the enhancement does not impact a mandatory minimum sentence). See also U.S.S.G. §5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

Accordingly, the judgment of the district court is affirmed.

_____