# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3021

_____

United States of America

*Plaintiff - Appellee*

v.

Dwayne Richard Frosch

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 18, 2014
Filed: July 14, 2014
[Published]

_____

Before SMITH, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Dwayne Richard Frosch appeals the revocation of his supervised release, arguing only that the district court's[1] factual findings are clearly erroneous. We affirm the judgment of the district court.

Frosch[2] previously was convicted of Kidnapping and Mailing Threatening Communications, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 876(c). He was sentenced to a term of imprisonment to be followed by supervised release. He began serving his supervised release in 2012. Also in 2012, he began a relationship with Ann Danley. In June 2013, Danley spent an evening apart from Frosch and with a friend, Brenda Hansen. During that evening, Frosch repeatedly texted Danley. When Danley arrived home, she discovered that her apartment was open and had been ransacked. Danley contacted Frosch and asserted that she was going to call his probation officer. Frosch then arrived at Danley's apartment with alcohol and knives, took her phone and broke it in half, and subsequently kicked and threatened her when she attempted to flee. Frosch stayed at Danley's home that night, and Danley did not again attempt to escape.

Danley went to work the following afternoon, appeared upset, and reported the incident to a friend. Danley then contacted police and police interviewed Danley, observed fresh bruises on her body, and took pictures of her apartment. The kitchen counters appeared to have been wiped off recently, and a pile of items had been pushed into a corner. Eventually, Frosch's probation officer reached Frosch and convinced him to turn himself in to the local police. He did so.

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

[2]Frosch was convicted under the name Frank Dwayne Bayliff. He changed his name to Dwayne Richard Frosch in 2004.

After three hearings in July and August 2013, the district court revoked Frosch's supervised release and imposed a sentence of 51 months' imprisonment. Frosch denied many of the facts set forth above. Based upon testimony from Danley, Hansen, the investigating police officer, and the probation officer, and based on several government exhibits, the district court found Danley's version of the evening, as set forth above, credible. The district court determined that these facts established that Frosch had committed three violations of Iowa law, namely, false imprisonment, domestic abuse assault, and first-degree harassment. Frosch appeals, arguing the district court's findings were clearly erroneous. Frosch presents a different narrative, asserting that Danley was upset with him for ending their relationship and that she fabricated claims of violence to ensure his return to prison and allow her to keep personal property and money stolen from Frosch.

To support a revocation of supervised release, a district court is required to find by a preponderance of the evidence that the defendant committed a violation of a condition of supervised release, in this case a violation of state law. See United States v. Ahlemeier, 391 F.3d 915, 919 (8th Cir. 2004). We review the decision to revoke supervised release for abuse of discretion. Id. "[A]s in other contexts where a district court has discretion to take certain action based on its findings of fact, the court's subsidiary factfinding as to whether or not a violation occurred is reviewed for clear error." United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (citation omitted). In conducting such a review, credibility determinations are "virtually unassailable on appeal." United States v. Quintana, 340 F.3d 700, 702 (8th Cir. 2003) (citation omitted). Frosch argues Danley's version of the facts is uncorroborated and unbelievable, the physical evidence refutes her version of the evening, and the failure of the state to prosecute him for the events that took place proves his innocence.

We reject his arguments. The physical evidence strongly corroborates Danley's version of events, and the district court was entitled to find her credible. For example, Frosch argues that because the apartment was not in a ransacked state when

the investigating officer examined it and took pictures, Danley must have been lying. The apartment, however, appeared to have been recently straightened up following a ransacking, therefore supporting rather than refuting Danley's testimony.  Also, Frosch states that he left the apartment in the morning to get a cup of coffee from a convenience store and Danley did not attempt to escape at that time.  He argues these facts prove his presence was consensual and Danley had no reason to fear him.  This conclusion ignores the simple explanation that Frosch had beaten Danley the night before for attempting to escape, and she may have been afraid to risk further confrontation by leaving without his permission.  Finally, to the extent Frosch argues that an absence of state charges demonstrates the falsity of Danley's position, we reject his argument.  The absence of a prosecution does not logically refute the district court's factual finding that an offense occurred in violation of the conditions of supervised release.  See United States v. Perkins, 526 F.3d 1107, 1109 (8th Cir. 2008).

We affirm the judgment of the district court.

_____