# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1999
_____

United States of America

*Plaintiff - Appellee*

v.

Hernandez Allen

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 16, 2015
Filed: March 23, 2015
[Unpublished]
_____

Before COLLOTON, BEAM, and KELLY, Circuit Judges.
_____

PER CURIAM.

In December 2011, Hernandez Allen was convicted in federal court of a firearms offense and sentenced to thirty months in prison and twenty-four months of supervised release. He completed his term of incarceration in September 2013, and commenced the period of supervision. In March 2014, Allen's probation officer and police officers conducted a random search of Allen's residence. The officers found

approximately 35 grams of marijuana, a knife, a cutter, a scale, several marijuana pipes, and several empty baggies with marijuana residue. The marijuana, knife, scale, one of the pipes and some of the baggies were found in Allen's bedroom dresser. The cutter and some pipes were found in Allen's son's car, which was located on the premises. Allen told the probation officers that the 35 grams of marijuana belonged to his son, who had a "side hustle" going on, and that Allen was set to confront his son about the drugs when his son returned home the following week.

Based upon this incident, a petition was filed for a warrant for Allen's arrest, alleging several violations of his supervised release, including that he possessed marijuana with the intent to distribute it. At the evidentiary hearing on the matter, in addition to the evidence uncovered during the March 2014 search, the government produced evidence that Allen had been arrested for committing a state crime while under supervision; that he had failed to report his change in employment status; and that he failed several drug tests, which were positive for marijuana use. All of these were violations of his conditions of supervised release, and at the hearing, Allen admitted all of the violations except the one related to the March 2014 search. Allen specifically contested that he possessed marijuana with the intent to distribute, as alleged by the government. The probation officer who conducted the search testified at the hearing that although Allen stated that the marijuana belonged to his son and that the son was selling it, none of the marijuana was found in the son's room. The officer also acknowledged that the drug tests indicated that Allen was an active user, but she also testified that it was unclear where Allen was obtaining the funds to purchase the marijuana that he was consuming, because Allen acknowledged to her that money was tight. A police officer testified that in his experience, the amount of marijuana found was a borderline amount between personal use and that used for distribution. The officer further testified that the marijuana seized was of a high grade, and that while the pipes indicated usage, the scale indicated distribution.

The district court[1] ultimately concluded that, considering the quantity and quality of the marijuana, and the presence of the scale and baggies, there was enough evidence to support the finding that Allen possessed the marijuana with intent to distribute it. Accordingly, this was a "Grade A" violation with a Guidelines range of 18-24 months in prison, and the court sentenced Allen to 18 months in prison, to be followed by 12 months of supervised release. Allen appeals, challenging the Grade A finding as a non-harmless procedural error that affected his sentence.

A district court may revoke a defendant's supervised release if the court finds, by a preponderance of the evidence, that the defendant violated a condition of his supervised release. United States v. Frosch, 758 F.3d 1012, 1014 (8th Cir. 2014). We review the district court's revocation decision for an abuse of discretion, and its factual findings for clear error. Id. The district court's credibility determinations at a revocation hearing are virtually unreviewable on appeal. United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010). The district court did not clearly err in finding that the marijuana was of a high grade and that Allen possessed drug-dealing paraphernalia. Allen contended that the drugs belonged to his son. He told the probation office that he intended to confront his son about the drugs. He did not say that he intended to use the marijuana himself, and the district court thus did not believe that Allen possessed the drugs for personal use. The court found that given the high quality of the marijuana, Allen was not likely to throw it away, and the court was not convinced that Allen possessed the drugs merely to keep them away from his son. The only persuasive scenarios remaining and cited by the court were that Allen would return the drugs to his son, or that he would sell or otherwise distribute the drugs himself. In any of those circumstances, Allen possessed the drugs with intent to distribute. The district court did not clearly err in so finding.

---

[1] The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Our task is not to decide what conclusion we might have reached, but rather whether the district court's fact-finding amounts to clear error. Id. In this case, while we might agree with Allen that it was a close call as to whether he was using instead of selling the marijuana, there is support for the district court's conclusion that Allen intended to distribute marijuana. Accordingly, we affirm.

_____