# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3619

_____

United States of America

*Plaintiff - Appellee*

v.

Dedric Hilliard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 11, 2016
Filed: April 21, 2016
[Unpublished]

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Dedric Hilliard appeals the district court's[1] revocation of his supervised release. He argues that the district court lacked sufficient evidence to find that he had committed a robbery and that his 24-month sentence is unreasonable. We affirm.

Hilliard previously was convicted of kidnapping, possession of a firearm in furtherance of a crime of violence, and carjacking. He was sentenced to 235 months' imprisonment, followed by 3 years' supervised release. On May 21, 2014, Hilliard completed his prison sentence and began supervised release. The terms of Hilliard's supervised release prohibited him from committing any federal, state, or local crime.

In the early morning hours of August 30, 2014, two women were seated in a parked car in the Soulard area of St. Louis when a man approached. The man shattered the passenger-side window, grabbed the passenger in an attempt to pull her out of the vehicle, and demanded money. A passerby yelled, and the assailant fled.

Police officers patrolling the area received a dispatch alerting them to a robbery. The dispatch described the suspect as a black male wearing a white shirt covered with blood. As the officers approached the scene, they observed Hilliard walking away and wearing a white, blood-stained shirt. The officers stopped him. They observed that he was sweating, seemed nervous, and had blood on his shirt, arms, and hands. Officers placed Hilliard in handcuffs and continued their investigation.

Officer Bartney Coats proceeded to the location of the incident. Once there, he spoke with the victims, who described the incident to him. Officer Coats informed them that officers had detained someone nearby who might be involved in the events the victims had described. Officer Coats drove both victims in his police cruiser to Hilliard. Both victims identified Hilliard as the man who had robbed them.

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Separately, another officer drove the passerby witness by Hilliard. This witness also positively identified Hilliard as the individual he saw attempting to rob the victims.

Based on this incident, the state of Missouri charged Hilliard with robbery. Independently, the Government filed a petition to revoke Hilliard's supervised release for violating its terms by committing a state crime. The district court revoked Hilliard's supervised release and sentenced him to 24 months' imprisonment.

At a supervised release revocation hearing, the Government bears a burden of proof lower than that at a criminal trial. *See United States v. Johnson*, 710 F.3d 784, 788 (8th Cir. 2013) ("A defendant is not entitled to a trial during a revocation hearing; the rules of evidence do not apply and the government's burden of proof is lowered."). "If the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release, the district court has the discretion to revoke supervised release." *United States v. Ahlemeier*, 391 F.3d 915, 919 (8th Cir. 2004). "We review the decision to revoke supervised release for abuse of discretion." *United States v. Frosch*, 758 F.3d 1012, 1014 (8th Cir. 2014). "[T]he court's subsidiary factfinding as to whether or not a violation occurred is reviewed for clear error." *Id*. (quoting *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003)). "Under clear error review, we may reverse only if we have a definite and firm conviction that the District Court was mistaken." *United States v. Black Bear*, 542 F.3d 249, 252 (8th Cir. 2008) (quoting *United States v. Willis*, 433 F.3d 634, 636 (8th Cir. 2006)).

Hilliard first contends that the evidence was insufficient to find by a preponderance of the evidence that he committed the robbery. The Government presented testimonial evidence (1) that Hilliard matched the suspect's description and appearance, (2) that police found him very close to the scene, and (3) that three other witnesses offered positive identifications of him. Hilliard attempts to undermine the strength of this evidence by arguing that informing the victims and other witness that

he was a suspect and then conducting a one-man showup identification render the identifications unreliable.[2] The district court, however, found this testimony credible. "Because credibility determinations are 'virtually unreviewable on appeal,'" the court's conclusion that a preponderance of the evidence showed Hilliard committed the robbery was not clearly erroneous. *See Carothers*, 337 F.3d at 1019 (quoting *United States v. Hernandez*, 281 F.3d 746 (8th Cir. 2002)).

Hilliard further asserts that no physical evidence connected him to the robbery. Although the Government did not present any physical evidence during the revocation hearing, this omission does not mean the Government failed to meet its burden. Officer Coats's testimony that Hilliard matched the suspect's description and appearance, Hilliard's proximity to the scene, and three positive witness identifications leave us far from having a "definite and firm conviction that the District Court was mistaken" when it found by a preponderance of the evidence that Hilliard had committed the robbery. *See Black Bear*, 542 F.3d at 252. Accordingly, the district court did not clearly err by finding Hilliard committed the robbery and therefore did not abuse its discretion by revoking his supervised release.

Hilliard next argues that the district court erred by imposing an unreasonable sentence. He contends that the sentence of 24 months' imprisonment was substantively unreasonable for two reasons. First, he urges that the sentence did not account for the weakness in the evidence presented at the supervised release revocation hearing. Second, he asserts that the sentence did not reflect the possibility that he would be sentenced for the same conduct in the state-court proceedings.

In an appeal of a revocation sentence, "we may consider both the procedural soundness of the district court's decision and the substantive reasonableness of the

---

[2]Hilliard does not claim that the identification was impermissibly suggestive. Rather, his claim attacks only the reliability and credibility of the witnesses' identifications.

-4-

sentence imposed." *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008). "We review a revocation sentence under the same 'reasonableness' standard that applies to initial sentencing proceedings, and . . . we review the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard." *Id.* (internal citations omitted). "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009) (quoting *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008)). As Hilliard does not assert a procedural challenge, we limit our review to the substantive reasonableness of his sentence.

Hilliard acknowledged at the revocation hearing that, because of his criminal history score of III, the guidelines range for a Grade A violation such as robbery is 18 to 24 months. *See* USSG § 7B1.1(a)(1)(A)(i) (classifying as Grade A a violation of supervised release through conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year when the offense is a crime of violence); § 7B1.4(a) (setting a range of 18-24 months for a Grade A violation by a defendant with a criminal history of III). We thus presume that the within-guidelines-range sentence of 24 months' imprisonment is reasonable. *See Petreikis*, 551 F.3d at 824.

Hilliard has not rebutted this presumption. Indeed, we conclude that the district court acted reasonably in sentencing Hilliard at the top of the appropriate guidelines range. The district court's reasons for this sentence included the severity of the crime and its timing, coming less than six months after beginning his supervised release. The court believed such timing indicated that Hilliard was not serious about complying with the terms of his release. Additionally, because the sentence punishes Hilliard's violation of his supervised release and not the state-law crime, we consider reasonable that the district court did not weigh the possibility of a sentence issuing from the state-court proceedings. *See Johnson v. United States*, 529 U.S. 694, 700 (2000) (treating post-revocation penalties as relating to the original offense); *United*

*States v. Goodon*, 742 F.3d 373, 376 (8th Cir. 2014) (upholding as substantively reasonable the sentence imposed for defendant's violation of his supervised released without regard to lack of sentence for the state crime that prompted revocation).  We thus hold that the district court did not abuse its discretion in sentencing Hilliard.

Accordingly, we affirm.

_____