# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3974

_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth David Haag

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: October 16, 2017
Filed: November 28, 2017
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Kenneth D. Haag pled guilty to interstate transmission, via telephone, of a threat to injure another person in violation of 18 U.S.C. § 875(c). The district court[1]

_____

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

sentenced him to 33 months' imprisonment and three years' supervised release. He violated the conditions of release and served another 10 months. He again violated the conditions of release. The court sentenced him to an additional 10 months and one year of supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Haag violated the conditions of his first term of supervised release by failing to comply with mental-health treatment, substance-abuse testing, and probation-officer directions. The district court modified the conditions. About a year later, Haag violated them. The court revoked his supervised release, sentencing him to 10 months' imprisonment and two years' supervised release with the following special conditions: "participate in a mental health evaluation and/or treatment program," "take all medications prescribed to [him] by a licensed psychiatrist or physician," and "reside in a Residential Reentry Center for a period of up to 120 days" after release and "abide by all [its] rules and regulations."

Within a month of his second release, Haag violated the conditions. He failed to comply with mental-health treatment and reentry-center rules. The center requested his removal. The district court again revoked his supervised release, sentencing him to 10 months' imprisonment and one year of supervised release. Haag appeals.

This court reviews "the decision to revoke supervised release for abuse of discretion." *United States v. Frosch*, 758 F.3d 1012, 1014 (8th Cir. 2014). A court may revoke if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009).

Haag argues his sentence is "greater than necessary" for his violations. This argument is without merit. One condition required Haag to take "all medications prescribed" by his licensed psychiatrist or physician. The district court found, by a preponderance, he violated this condition based on his extensive history of non-compliance:

> Mr. Haag does not accept a diagnosis of schizophrenia. He always, is my memory, having had him in court multiple times, he always questions the diagnoses, as well as the treatment. He has consistently refused to comply, knowing full well that that is going to result in court action, and that hasn't changed. This is just a continuing position by Mr. Haag. I understand that people who take certain medications for mental illness don't like the side effects. I appreciate that. But if the choice is living in the community and not being a danger or enduring some of the side effects or working with a psychiatrist to get the dosage level such that the side effects are minimized, it seems to me that Mr. Haag is fully capable of making the latter decision, but he chooses instead to just fight the thing continually.

Another condition required Haag to follow the rules of the reentry center. Noting "a pattern" of "threatening behavior," the district court found a violation by a preponderance of the evidence. Breaking "rules of the reentry center" may "warrant the revocation of a supervised release," if a defendant's actions indicate "pervasive unwillingness to comply with court orders and the orders of a reentry center." *See United States v. Melton*, 666 F.3d 513, 515-16 (8th Cir. 2012) (internal quotation marks omitted). *See also United States v. Burkhalter*, 588 F.2d 604, 607 (8th Cir. 1978) (upholding probation revocation where the defendant's "violations are not particularly serious in terms of their danger to society," but "his behavior indicates a pervasive unwillingness to follow the rehabilitation program" and an "inability to accept responsibility and to live within the rules of his probation"). Revocation is "within the sound discretion of the district court." *Melton*, 666 F.3d at 517.

Haag also believes the district court failed to consider his preferred treatment options or other "kinds of sentences available." The district court considered alternative placements, including Haag's proposed Penn Center placement:

> And the other problem is, because of his behavior, he has been removed from the residential reentry center. He needs supervision. I don't have anyplace to put him. He's a threatening person. That's been his history with this Court since I met up with him when I sentenced him in 2013.

> . . . .

> When somebody is in a residential reentry center and they don't obey the rules and they get kicked out and the Court thinks that supervision is necessary to reorient someone to the community, it doesn't leave me many options.

> . . . .

> I have no place to put him in the community that would assure the safety of the community. I know absolutely nothing about the Penn Center. It's pure speculation that they have facilities for him, that the facilities would be appropriate for him. It certainly would not be a controlled environment like you have in a community corrections center or in the Bureau of Prisons.

Imposing a within-guideline sentence, the district court thoroughly considered Haag's mental health, history of non-compliance, and "each and every factor under 18 United States Code Section 3553(a) that apply in a revocation proceeding." The court did not abuse its discretion in revoking Haag's supervised release and sentencing him to 10 months.

* * * * * * *

The judgment is affirmed.

_____

-4-