# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3484

_____

United States of America

*Plaintiff - Appellee*

v.

Carl Deon Shinn

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: November 15, 2019
Filed: January 27, 2020
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Carl Deon Shinn was convicted of attempting to induce a child to engage in criminal sexual activities in violation of 18 U.S.C. § 2422(b). He was sentenced to 63 months' imprisonment and 60 months of supervised release. Upon release, he

violated his conditions of release. The district court[1] sentenced him to 15 months' imprisonment and 48 months of supervised release. About a year and a half later, he again violated the conditions of his release. The court sentenced him to 22 months' imprisonment and 24 months of supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Shinn contends the district court "committed clear error in finding that [he] committed five separate violations of the terms of the supervised release." A district court may revoke supervised release if it finds a defendant violated a condition of release by a preponderance of the evidence. *See United States v. Petersen*, 848 F.3d 1153, 1156 (8th Cir. 2017). This court reviews revocation decisions for abuse of discretion. *See United States v. Frosch*, 758 F.3d 1012, 1014 (8th Cir. 2014). "[A]s in other contexts where a district court has discretion to take certain action based on its findings of fact, the court's subsidiary factfinding as to whether or not a violation occurred is reviewed for clear error." *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

The district court found Shinn violated five conditions: (1) failing to follow the rules of the residential reentry center; (2) assault with intent to commit sexual abuse; (3) possessing an internet-capable device; (4) accessing the internet; and (5) solicitation to commit willful injury. Making these findings, the court relied on: (1) testimony of probation officer Ella Meyer that Shinn visited a construction site for over 100 hours without approval; (2) testimony of an employee at the construction site that Shinn kissed her and touched her breasts and genitals without her consent; (3) testimony of Officer Meyer that she found two internet capable phones in Shinn's car; (4) a forensic analysis of the phones that showed they had accessed multiple websites; and (5) testimony of a residential reentry case manager and William Martin,

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

another parolee living with Shinn, that Shinn solicited Martin to burglarize and physically assault a woman.

The district court found this evidence credible, noting that "some of the exhibits were critically hearsay in this case, but it's amazing how much they corroborated each other as well as the testimony that I do believe and find credible from [the assault victim], Mr. Martin, of course Ms. Meyer, [and] the residential re-entry center caseworker." By contrast, the court said it believed Shinn "lied so much he didn't know what the truth was." A district court's credibility determinations are "virtually unassailable on appeal." *Frosch*, 758 F.3d at 1014. The district court did not clearly err in finding Shinn violated the terms and conditions of his supervised release.

Shinn argues his sentence is substantively unreasonable. This court reviews a revocation sentence "under the same 'deferential abuse-of-discretion' standard that applies to initial sentencing proceedings." *United States v. White*, 840 F.3d 550, 552 (8th Cir. 2016). In sentencing Shinn one month above the guidelines range, the court considered the 18 U.S.C. § 3553(a) factors and noted his "very large variety of persistent problems on supervised release" including problems at the residential reentry center, false statements to obtain employment, false claims of property ownership, and false denials of internet access. The court did not abuse its discretion in sentencing him to 22 months.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____