# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1765
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Ruiz, Jr., also known as Joey, also known as Paul Wall

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: January 13, 2020
Filed: February 10, 2020
[Unpublished]
_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Jose Ruiz, Jr. pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, and 851. The district court[1] sentenced him to 120

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

months' imprisonment and eight years of supervised release.  Less than a year after release, he violated the conditions of supervised release. The court revoked his supervision and sentenced him to 37 months' imprisonment and 60  months of supervised release.  Ruiz appealed, and this court affirmed.  Upon release, he again violated the conditions of supervised release.  The court revoked his supervision and sentenced him to 8 months' imprisonment and 36 months of supervised release.  He appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Ruiz contends the district court erred in revoking his supervised release.  "A district court may revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release." *United States v. Petersen*, 848 F.3d 1153, 1156 (8th Cir. 2017) (internal quotation marks omitted).  This court reviews the decision to revoke supervised release for abuse of discretion. *See United States v. Frosch*, 758 F.3d 1012, 1014 (8th Cir. 2014).

Ruiz admitted violating two conditions of release:  failure to comply with substance abuse treatment and failure to report to the probation office.  He argues the district court abused its discretion in revoking his supervision based on these "technical" Grade C violations.  The district court may revoke supervised release based on Grade C violations. *See* U.S.S.G. § 7B1.3(a)(2) ("Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision."); *United States v. Melton*, 666 F.3d 513, 516 (8th Cir. 2012) (rejecting argument that Grade C violations were "merely technical").

Revoking Ruiz's supervised release and imposing a within-guidelines sentence, the district court said:

In fashioning an appropriate sentence, I have considered each of the factors found in Title 18, United States Code, Section 3553(a), factors in 3583(e), Chapter 7 of the Sentencing Guidelines has policy statements. I have considered the history and the persistent problems, largely based on attitude. I have considered how long he has been on and the fact that we are not having much success.

I will terminate the supervised release, but I don't want to reward him for the behaviors thus far. I am very concerned when he comes back we are just going to have to revoke him again. I hope that is not true.

These are grade C violations. He's a Criminal History Category IV at the time of his last sentencing. I conclude that the following sentence is sufficient, but not greater than necessary, to address the essential sentencing considerations.

The district court did not abuse its discretion in revoking his supervision.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____