# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2319

_____

United States of America

*Plaintiff - Appellee*

v.

Kitt Carmine Colizziano, also known as James Lee Collinson, II

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: January 9, 2023
Filed: June 6, 2023
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

In October 2019, Kitt Carmine Colizziano was sentenced to 24 months of imprisonment and 3 years of supervised release after he pleaded guilty to possession of a firearm as a convicted felon. His term of supervision began in February 2021. In May 2022, Colizziano was arrested on state law charges of harassment and false

imprisonment. After a hearing, the district court[1] revoked Colizziano's term of supervised release and imposed a revocation sentence of 12 months and 1 day, to be followed by 24 months of supervised release.

Colizziano appeals, challenging the district court's finding that he violated the conditions of his supervised release.[2] "To support a revocation of supervised release, a district court is required to find by a preponderance of the evidence that the defendant committed a violation of a condition of supervised release, in this case a violation of state law." United States v. Frosch, 758 F.3d 1012, 1014 (8th Cir. 2014) (per curiam); see 18 U.S.C. § 3583(e)(3). We review a district court's factual findings for clear error, United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003), and its ultimate decision to revoke a term of supervised release for an abuse of discretion. United States v. Ahlemeier, 391 F.3d 915, 919 (8th Cir. 2004).

Here, the district court relied primarily on the testimony of two witnesses— Colizziano's girlfriend, Monica McIntosh, and her daughter, Adreanna Davis—to find that Colizziano had committed both first-degree harassment and false imprisonment. Davis testified that on May 23, 2022, Colizziano picked her up from an appointment in Marshalltown, Iowa. Shortly after she got in his car, Colizziano became upset and started "yell[ing]" and "cussing" at Davis about a set of keys. She said that he threatened to "shoot [her] right now" and "beat [her] ass." Davis repeatedly told Colizziano that she "wanted out of the vehicle," but he did not respond, even after she opened the passenger-side door while the car was moving. Davis saw a "stop sign coming up," and as the car slowed, she decided to "tak[e] [a] chance to get out of the vehicle." She stepped out from her seat and fell from the moving car. Colizziano kept driving.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

[2]One condition of Colizziano's supervised release provided, "You must not commit another federal, state or local crime."

Davis immediately called her mother, McIntosh. When McIntosh did not answer her phone, Davis contacted a friend, who drove her to McIntosh's workplace. McIntosh described a text message she received from Davis telling her that Davis was on the way to McIntosh's office. The text said that Davis and Colizziano had gotten into "a big fight," that Colizziano was "yelling and threatening her," and that Davis had "jumped out of the car." McIntosh testified that Davis was "shaking" and "crying" when she arrived at her workplace, approximately 15 minutes after the incident. One of McIntosh's coworkers saw Davis and called the police. Colizziano also testified at the revocation hearing. He denied threatening Davis or hearing her say she wanted to get out of his car.

The district court found the testimony of Davis and McIntosh credible, noting that Davis "did not embellish the story to make it more favorable to herself"; that, according to McIntosh's testimony, Davis was visibly emotional after the incident; and that it was a third party, not Davis or McIntosh, who "observed what was happening and realized that law enforcement needed to be involved." In contrast, the court found that Colizziano was not credible, as his testimony "was internally inconsistent," and he "changed his story . . . when confronted with facts that were unhelpful to him." Colizziano views the evidence differently, contending that the conflicting testimony presented at the hearing failed to support the district court's findings. But the district court was entitled to credit the testimony of Davis and McIntosh and to give Colizziano's version of events little weight, and we give these credibility determinations great deference. See Frosch, 758 F.3d at 1014 (noting that credibility determinations are "virtually unassailable on appeal").

The district court did not clearly err in finding that Colizziano violated the conditions of his supervised release. We affirm the judgment.[3]

_____

[3]We also deny Colizziano's motion for substitute counsel.