# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3098

_____

United States of America,                    *
                                             *
              Appellee,                      *
                                             *    Appeal from the United States
       v.                                    *    District Court for the
                                             *    Eastern District of Missouri.
Damien Terrell Ray,                          *
                                             *
              Appellant.                     *

_____

Submitted: February 11, 2008
Filed:  July 8, 2008

_____

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

       Damien Terrell Ray (Ray) appeals from a final judgment entered by the district court[1] revoking his supervised release.  For the reasons stated below, we affirm the judgment of the district court.

_____

       [1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

## I.    BACKGROUND

In 2005, after Ray pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the district court sentenced Ray to 18 months imprisonment and further supervised release. After serving his prison sentence, Ray was released from prison in March 2007, and began to serve his term of supervised release. However, in July 2007, Ray's probation officer petitioned the district court to revoke Ray's supervised release, claiming Ray was arrested and charged in state court with, among other things, robbery in the first degree.

At Ray's revocation hearing, Officer Sean Lipina (Officer Lipina) stated that, in July 2007, he received a call concerning a robbery which took place at a gas station. Ray objected to Officer Lipina relating any statements by the victim as hearsay and as a violation of Ray's Sixth Amendment right to confrontation. The district court overruled the objections and granted Ray a continuing objection. Officer Lipina testified the victim told him a black male offered to sell drugs, then pointed a gun at the victim and asked him for money. Officer Lipina recalled the victim said he gave the suspect $120 and the suspect drove away in a white Expedition. The victim described both the Expedition's license plate number and the suspect, identifying a tattoo on the suspect's left forearm. Based on the description of the car and subject, officers later stopped a vehicle matching the description and arrested Ray. Ray spontaneously admitted being at the gas station earlier, but declared, "I don't know what happened." Officer Lipina reported the victim later positively identified Ray in a police lineup, also identifying the tattoo on Ray's left forearm.

Following the revocation hearing, the district court found Ray violated the conditions of his supervised release and sentenced Ray to 18 months imprisonment and 12 months of supervised release. Ray appeals and argues the district court erred in admitting Officer Lipina's hearsay testimony in violation of his Sixth Amendment right to confrontation.

## II.    DISCUSSION

We review questions arising under the constitution de novo, and we review the admission of evidence at a revocation hearing for an abuse of discretion.  United States v. Martin, 382 F.3d 840, 844 (8th Cir. 2004) (citations omitted).

Ray contends the district court erred in admitting Officer Lipina's "hearsay"[2] testimony because, under Crawford v. Washington, 541 U.S. 36 (2004), the testimony violates Ray's constitutional rights under the Confrontation Clause.  Ray's argument lacks  merit.  As we have previously indicated, "the Supreme Court cautioned that a parole revocation hearing should not, for this purpose, be equated with a criminal trial."  Martin, 382 F.3d at 844 (citing Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).  The Sixth Amendment only applies to "criminal prosecutions," and a revocation of supervised release is not part of a criminal prosecution. Id. "Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions," thus, the full protection provided to criminal defendants under the Sixth Amendment right to confrontation does not apply to revocation cases. Morrissey, 408 U.S. at 480.  For this reason, Crawford is not implicated in a supervised release revocation hearing.  Martin, 382 F.3d at 844 n.4; see also United States v. Hall, 419 F.3d 980, 985-86 (9th Cir. 2005); United States v. Aspinall, 389 F.3d 332, 342 (2d Cir. 2004).

Although Ray does not have a Sixth Amendment right to examine adverse witnesses, Ray has a limited due process right to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C); see also Morrissey, 408 U.S. at 489 (declaring, at a minimum, due process includes "the right to confront and cross-examine adverse

---

[2]We do not decide whether all or any of the challenged statements are actually hearsay under the Rules of Evidence.

witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)"); <u>Martin</u>, 382 F.3d at 844. The application of this "narrow" due process protection, however, "should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial." <u>Morrissey</u>, 408 U.S. at 489; <u>see</u> <u>Martin</u>, 382 F.3d at 844. Thus, Ray's argument that the district court erred simply by admitting "hearsay" testimony at a revocation hearing is meritless, and the district court's admission of such testimony constituted no abuse of discretion.

Ray does not raise a due process challenge or any other appeal issue. We do not perceive any miscarriage of justice, and we exercise our plain error discretion by not addressing any other issues. <u>See</u> <u>Johnson v. United States</u>, 520 U.S. 461, 466-67 (1997) (explaining plain error review); <u>United States v. Olano</u>, 507 U.S. 725, 731-32, 735-36 (1993) (same); <u>United States v. Pirani</u>, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc) (same); <u>see</u> <u>also</u> <u>Greenlaw v. United States</u>, 554 U.S. __, __ S. Ct. __ , __, 2008 WL 2484861 at *5-6 (June 23, 2008) (following the principle of party presentation).

## III.  CONCLUSION

For the reasons stated, we affirm.

_____