NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4562
No. 09-4563
_____

UNITED STATES OF AMERICA

v.

JAMAROW TROWERY,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cr-00095)
District Judge: Honorable David Stewart Cercone
_____

Submitted Under Third Circuit LAR 34.1(a)
October 19, 2010

Before: HARDIMAN, GREENAWAY, JR. and NYGAARD, *Circuit Judges*.

(Filed: November 10, 2010)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Jamarow Trowery appeals the District Court's revocation of his supervised

release. We will affirm.

I.

In 2006, Trowery pleaded guilty to Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g), and was sentenced to 40 months imprisonment followed by 3 years supervised release. Among the conditions of his supervised release were prohibitions on "possess[ing] a firearm or destructive device" or "violat[ing] another federal, state or local crime." In April 2007, Trowery completed his prison term and began his term of supervised release. Less than six months later, Trowery was arrested for two state crimes: Possession of a Firearm by a Convicted Felon, 18 PA. CONS. STAT. § 6105, and Cruelty to Animals, 18 PA. CONS. STAT. § 5511. A jury convicted Trowery of both offenses, and he was sentenced to 5 to 10 years imprisonment.

Two months after his state court sentencing, the United States Probation Office filed a petition to revoke Trowery's supervised release for violating the aforementioned conditions of release. Following a revocation hearing, the District Court concluded that Trowery violated the terms of his supervised release. As a result, the Court revoked Trowery's supervised release and sentenced him to 12 months imprisonment to be served consecutively with the state court sentence. The District Court also noted that if Trowery's state court convictions were overturned on appeal, there would be ample time to revisit his federal revocation sentence before his federal prison sentence began. Trowery timely appealed.

II.

We review the District Court's decision to revoke Trowery's supervised release for abuse of discretion. *Gov't of the V.I. v. Martinez*, 239 F.3d 293, 297 (3d Cir. 2001).

Underlying factual findings are reviewed for clear error and legal issues are reviewed *de novo*. *United States v. Poellnitz*, 372 F.3d 562, 565-66 & n.6 (3d Cir. 2004) (citing *United States v. Blackston*, 940 F.2d 877, 882 (3d Cir. 1991)). The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 1291.

Trowery challenges the sufficiency of the evidence underlying the District Court's decision to revoke his supervised release. The District Court found that a jury conviction, without more, is sufficient evidence to demonstrate that Trowery committed two state crimes, thereby violating the terms of his release. Trowery contends that the convictions alone are insufficient because he never admitted the underlying conduct and he has appealed the convictions. This argument is based on a misreading of *United States v. Poellnitz*, 372 F.3d 562 (3d Cir. 2004).

A supervised release violation must be proven by a mere preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Dees*, 467 F.3d 847, 854-55 (3d Cir. 2006). "What matters is whether [the defendant] committed [a] crime as a matter of fact." *Poellnitz*, 372 F.3d at 567. In order "to revoke probation it is not necessary that the probationer be adjudged guilty of a crime, but only that the court be reasonably satisfied that he has violated one of the conditions" of supervised release. *Id.* at 566. Although a jury conviction is not necessary to show a violation, it is plainly sufficient. Indeed, a jury conviction is the strongest evidentiary basis for finding a violation because a jury conviction is itself a finding of fact beyond a reasonable doubt. *See, e.g.*, *Commonwealth v. Aponte*, 855 A.2d 800, 811 (Pa. 2004) ("[A] prior conviction is an

3

objective fact that initially was cloaked in all the constitutional safeguards, and is now a matter of public record.").

Our conclusion is not altered by the fact that Trowery is appealing his state convictions. Under Pennsylvania law, a criminal conviction continues to have preclusive effect while on appeal "unless or until that conviction is reversed." *Shaffer v. Smith*, 673 A.2d 872, 875 (Pa. 1996). As our sister circuits have held:

> A criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilt beyond a reasonable doubt certainly affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review.

*Roberson v. Connecticut*, 501 F.2d 305, 308 (2d Cir. 1974); *see also United States v. Spraglin*, 418 F.3d 479 (5th Cir. 2005); *United States v. Fleming*, 9 F.3d 1253 (7th Cir. 1993). Like these courts, we hold that a criminal conviction is sufficient evidence to revoke supervised release even if the case is on appeal, and even if counsel claims that appeal is meritorious. As the District Court explained, if Trowery's state appeal is successful, there will be ample time to revisit the revocation.

Still, Trowery argues that *Poellnitz* dictates a contrary result. Poellnitz was also sentenced to supervised release that prohibited committing any "federal, state, or local" crimes. *Poellnitz*, 372 F.3d at 564. While on supervised release, Poellnitz was arrested and charged with a number of state crimes to which he pleaded *nolo contendere*. *Id.* Based solely on the fact of those convictions, the District Court revoked Poellnitz's supervised release. On appeal, we held that a *nolo contendere* plea, without more, was insufficient to establish that Poellnitz violated a condition of supervised release. We

4

reasoned that under Pennsylvania law, "[i]n pleading nolo contendere; the defendant does not admit his guilt, but merely consents to being punished as if he were guilty." *Id.* at 568. As a result, we concluded "a *nolo* plea . . . has no evidentiary value in assessing whether the defendant committed a crime." *Id.* at 567.

Although we found the absence of a guilty plea controlling in *Poellnitz*, that was only because of "the *peculiar legal effect* of the plea of *nolo contendere*[,]" which arises without a verdict and "is indisputably tantamount to a conviction, [but] . . . is not necessarily tantamount to an admission of factual guilt." 372 F.3d at 566 (first emphasis added). In that context, we found that the controlling question was "whether the plea that Poellnitz entered can be deemed to establish underlying guilt, and not merely the fact of a criminal conviction." *Id.* at 567. We were careful, however, to contrast a *nolo contendere* plea with a verdict that establishes guilt beyond a reasonable doubt: "[i]n the normal course, one might expect that if the court finds [that a] defendant was convicted of a crime, the court may automatically revoke release based on the defendant's commission of the underlying offense." *Id.* at 566. The instant appeal is that normal course.

For the foregoing reasons, we will affirm the District Court's revocation of Trowery's supervised release.