# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-3792

_____

United States of America,     *
    *
        Appellee,     *
    *   Appeal from the United States
      v.     *   District Court for the
    *   Eastern District of Arkansas.
Joseph Cranford,     *
    *      [UNPUBLISHED]
       Appellant.     *

_____

Submitted: June 20, 2012
Filed: June 25, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Joseph Cranford appeals the district court's[1] revocation of his supervised release, and the court's imposition of a 10-month prison sentence. After careful review, we conclude the revocation and sentence were proper. The district court did not abuse its discretion by revoking Cranford's supervised release, as the supervised-release violations to which he admitted--including multiple failed drug tests, as well as failures to report for drug testing and treatment--were not merely an accumulation of technical violations. See United States v. Melton, 666 F.3d 513, 516 (8th Cir.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

2012) (standard of review; revocation is appropriate where violations, while not presenting danger to society, "indicate[] a pervasive unwillingness to follow the rehabilitation program"). In addition, we conclude that the court considered the 18 U.S.C. § 3553(a) factors, see United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (court need not list every § 3553(a) factor when sentencing defendant upon revocation of supervised release; if sentencing judge references some § 3553(a) factors, this court is satisfied that district court was aware of entire contents of relevant statute), and that Cranford did not possess a Sixth Amendment right to counsel in his revocation hearing, see United States v. Ray, 530 F.3d 666, 668 (8th Cir. 2008) (Sixth Amendment does not apply to supervised-release revocation hearing).

Accordingly, we affirm the judgment of the district court. We also grant counsel's motion to withdraw, subject to counsel informing Cranford about procedures for seeking rehearing or filing a petition for certiorari.

_____