# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2295

_____

United States of America

*Plaintiff - Appellee*

v.

Luke Goodon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: December 16, 2013
Filed: February 7, 2014

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

Luke Goodon pled guilty in 2008 to bankruptcy fraud and to structuring financial transactions in order to evade reporting requirements and was sentenced by the district court to 27 months imprisonment and 24 months supervised release. His supervised release began in February 2011. The United States probation office later petitioned to revoke Goodon's supervised release based on multiple violations of state

law as well as the terms of his release. The district court[1] held a hearing on May 30, 2013 and revoked Goodon's supervised release after concluding that the government had proven all but one of the alleged violations. The advisory guideline range was calculated at 6 to 12 months, and the district court sentenced Goodon to 12 months imprisonment and 12 months supervised release. Goodon appeals the revocation of his supervised release and the sentence imposed by the district court.

The United States probation office alleged that Goodon had committed various violations of his supervised release. In August 2011 a warrant issued for his arrest based on complaints from individuals with whom he had promised to share profits from salvaging their steel. Based on this alleged violation of state law and the fact that Goodon was receiving Social Security disability payments, the conditions of his federal supervised release were modified to require that all employment be approved by the probation office and that he not seek or engage in any work or agreements related to scrapping metals. In a subsequent state court proceeding in May 2012, Goodon pled guilty to an Iowa theft violation and was sentenced to time served (twelve days) and ordered to pay restitution. The federal district court modified his supervised release to include two weekends in jail, which Goodon has served.

Goodon received a traffic citation on January 17, 2013 for having "fictitious plates" on his trailer. A deputy who informed the federal probation office about this citation also reported that Goodon had been scrapping metal, an activity forbidden by the terms of his supervised release. Goodon told his probation officer about his traffic citation on January 21. Then in late January, an arrest warrant was issued charging Goodon with Social Security disability fraud for allegedly receiving disability payments while "working in the scrap metal business" between January 2006 and October 2011. Goodon was tried before a state court jury, found guilty of

---

[1] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

theft in the first degree in April 2013, and sentenced to ten years suspended with five years probation and a requirement of restitution.

The federal district court held a revocation hearing in May 2013 and revoked Goodon's supervised release after finding that he had committed two state law thefts, a state law fictitious plates violation, scrapped metal without his probation officer's permission, and failed to notify that officer within three days of a violation as required by his supervised release. The district court found, however, that the government did not prove that Goodon gave a false statement to his probation officer regarding the fictitious plates charge.

Goodon argues that the district court erred at his federal revocation hearing by relying on a certified copy of his jury conviction rather than calling a live witness. He cited the confrontation clause of the Sixth Amendment and Federal Rule of Criminal Procedure 32.1(b)(2)(C). We review constitutional questions de novo, but claims of violation of Rule 32.1(b)(2)(C) for abuse of discretion. United States v. Johnson, 710 F.3d 784, 787 (8th Cir. 2013) (citing United States v. Martin, 382 F.3d 840, 844 (8th Cir. 2004)). A revocation hearing based on alleged violations of supervised release is not a criminal prosecution, and thus the full Sixth Amendment right to confrontation does not apply. United States v. Ray, 530 F.3d 666, 668 (8th Cir. 2008). We have also concluded that admission at a sentencing hearing of a certified copy of a conviction does not violate the Sixth Amendment. United States v. Ingram, 594 F.3d 972, 981 (8th Cir. 2010).

We conclude that the district court did not abuse its discretion in relying on the certified copy of Goodon's theft conviction as proof of a state law violation. Goodon has a "limited due process right" in connection with his revocation hearing. Ray, 530 F.3d at 668. Under Federal Rule of Criminal Procedure 32.1(b)(2)(C), a defendant at such a hearing is entitled to "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice

does not require the witness to appear." Goodon argues that the court erred in relying on a certified copy of his conviction to prove his state law violation rather than requiring the testimony of an adverse witness.

We have previously decided in an unpublished opinion that a certified copy of a state court judgment of conviction is sufficient to establish the commission of a state crime during a period of supervised release. United States v. Morse, No. 98-3861, 1999 WL 980938, at *1 (8th Cir. Oct. 28, 1999). Other circuits have taken a consistent approach, see, e.g., United States v. Spraglin, 418 F.3d 479, 480 (5th Cir. 2005); United States v. Huusko, 275 F.3d 600, 602–03 (7th Cir. 2001). We have also concluded that a state criminal conviction "provides sufficient grounds for revocation of probation even though an appeal from the conviction is still pending," and that a certified copy of such a conviction is adequate proof. United States v. Gentile, 610 F.2d 541, 542 (8th Cir. 1979)

Goodon also argues that the district court erred in finding that he failed to notify his probation officer within 72 hours of contact with law enforcement officers, as required by a condition of his supervised release. Goodon claims that he received a traffic citation on January 18, 2013 and complied with this requirement by informing his probation officer about it on January 21. We review a revocation of supervised release for abuse of discretion. United States v. Sistrunk, 612 F.3d 988, 991 (8th Cir. 2010). The government must prove by a preponderance of the evidence that a defendant violated a condition of supervised release, and we review the district court's fact finding for clear error. Id. The record indicates that Goodon's traffic citation was actually issued on January 17, 2013, and that he did not notify his probation officer about it for four days. We conclude that the district court did not clearly err in its findings.

Goodon argues that his sentence was substantively unreasonable. We review the substantive reasonableness of a revocation sentence under the same abuse of

discretion standard as initial sentencing decisions.  United States v. Miller, 557 F.3d 910, 915–16 (8th Cir. 2009).  A district court commits an abuse of discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment."  United States v. Maxwell, 664 F.3d 240, 245 (internal quotation marks omitted) (citing United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).  A sentence within the guideline range may be presumed to be reasonable. Feemster, 572 F.3d at 461.

Goodon argues that it was unreasonable for the district court to sentence him to a year in prison because the state court had not given him prison time for his Iowa conviction of theft in the first degree.  The district court's sentence was imposed for Goodon's violation of his conditions of supervised release, however, not for his state crime.  The district court considered Goodon's sentence appropriate based on "the nature and circumstances of the violations and the history and characteristics of the defendant."

Based on our review of the record, we conclude that the district court did not abuse its discretion or commit clear error in sentencing Goodon for violating his supervised release and that his sentence was substantively reasonable.  For these reasons we affirm.

_____