# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1189

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher A. Gant, also known as Bones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 10, 2014
Filed: November 19, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

The district court[1] revoked Christopher Gant's supervised release, and sentenced him to 36 months' imprisonment, after Gant admitted to violating the terms

---

[1]The Honorable Richard G. Kopf, United States District Court for the District of Nebraska.

of his supervised release by failing to show up for required drug testing, and by possessing cocaine. Gant appeals, arguing that the district court's sentence was excessive and failed to adequately consider the sentencing factors under 18 U.S.C. § 3553(a). We affirm.

In 2003, Gant pled guilty to conspiracy to distribute and possess cocaine base, in violation of 21 U.S.C. § 846. He was sentenced to 228 months' imprisonment, but that was later twice reduced, resulting in a total sentence of 62 months. In 2013, Gant was on supervised release when a petition for offender under supervision was filed, alleging Gant had violated the conditions of his release. Gant later admitted to two violations of the terms of his supervised release–commission of another crime, in regard to Gant's possession of a pipe with white residue that tested positive for cocaine; and failure to report for drug testing on three occasions in April and May of 2013. The district court accepted Gant's admissions and found that he violated the terms of his supervised release. The other allegations against Gant were dismissed without prejudice.

The Guidelines range for Gant's violation was 21 to 27 months. Due in part to the fact that Gant had previously received two downward departures from his original sentence, the district court sentenced Gant to 36 months' imprisonment–without an additional term of supervised release. The district court additionally ordered that Gant's revocation sentence be served consecutive to a 20-month sentence Gant received from a Nebraska state district court, which sentence was imposed as a result of Gant's conduct set out in the first allegation of the instant offense.

Gant appeals, arguing the district court's sentence was "clearly excessive" because the district court imposed on Gant a longer sentence than recommended by the Guidelines, and because the district court ordered his sentence to be served consecutive to his state sentence. Gant also argues that the district court failed to adequately consider the sentencing factors under 18 U.S.C. § 3553(a). This circuit

reviews the substantive reasonableness of a revocation sentence "under the same abuse of discretion standard as initial sentencing decisions." United States v. Goodon, 742 F.3d 373, 376 (8th Cir. 2014). In instances where the sentence is outside the Guidelines range, this court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance." United States v. Never Misses a Shot, 715 F.3d 1048, 1054 (8th Cir. 2013).

A review of the record in this case shows that the district court was aware of, and adequately considered, the sentencing factors under § 3553(a). The district court issued Gant's original sentence, and his two subsequent sentence reductions, and thus the district court was "fully apprised of [Gant's] history and characteristics" at his revocation hearing. United States v. Miller, 557 F.3d 910, 918 (8th Cir. 2009). Ultimately, the district court determined the seriousness of the offense, the need to promote respect for the law, provide for just punishment, and promote deterrence justified the 36-month sentence. Thus we find no basis for concluding the sentence was unreasonable, or otherwise an abuse of the district court's discretion. Never Misses a Shot, 715 F.3d at 1054.

Further, we review a district court's decision to impose a consecutive sentence for reasonableness. United States v. McDonald, 521 F.3d 975, 980 (8th Cir. 2008). Given that Gant's revocation sentence was within the statutory maximum, 18 U.S.C. § 3583(e)(3), and that the district court adequately considered and weighed the § 3553(a) factors, we find that the district court did not abuse its discretion by making Gant's revocation sentence consecutive to his state sentence. United States v. Benton, 627 F.3d 1051, 1056 (8th Cir. 2010).

Accordingly, we affirm the judgment of the district court.

_____