# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2752

_____

United States of America

*Plaintiff - Appellee*

v.

Jermaine Allen Ford

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 4, 2017
Filed: April 26, 2017

_____

Before WOLLMAN and LOKEN, Circuit Judges, and ROSSITER,[1] District Judge.

_____

ROSSITER, District Judge.

_____

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska, sitting by designation.

Jermaine Ford appeals from the eighteen month prison sentence the district court[2] imposed after revoking Ford's supervised release. For the reasons stated below, we affirm Ford's sentence.

## I.  BACKGROUND

On April 17, 2006, Ford pled guilty to one count of possessing marijuana with intent to distribute and one count of carrying a firearm in relation to a drug trafficking crime. On November 9, 2006, the district court sentenced Ford to 80 months in prison followed by three years of supervised release. The term of supervised release began upon Ford's release from prison on April 26, 2011.

After Ford admitted he was not staying in his reported residence, the district court modified Ford's conditions of supervision to include curfew supervision and alcohol testing for 120 days. Ford was later arrested for driving under the influence of alcohol ("DUI") and the district court added 180 days of alcohol testing. Ford failed to comply with the alcohol testing and was also arrested for failure to appear in Illinois court for the DUI charge. The district court revoked Ford's supervised release on February 15, 2013, and sentenced him to nine months in prison and two years of supervised release. Ford was released from prison and began the two years of his second supervised release term on October 24, 2013.

Ford's second supervised release period included more incidents of noncompliance, including driving with a suspended license, testing positive for marijuana, and trespassing and causing criminal damage to property. Due to these infractions, the district court modified Ford's conditions of supervised release and ordered him to serve 180 days in a halfway house. In April of 2015, probation

---

[2]The Honorable James E. Gritzner, United States District Court for the Southern District of Iowa.

officers found drugs and drug paraphernalia in Ford's home and the district court ordered curfew supervision for up to 120 days.

On September 23, 2015, about one month before the end of Ford's supervised release period, the government moved to revoke Ford's supervised release for staying at a place other than his authorized residence and failing to advise the probation officer of his whereabouts. On December 28, 2015, while the first motion was pending, the government filed a second motion to revoke supervised release and petitioned the district court for an arrest warrant. The second motion and petition were based on Ford's arrest in Illinois on the previous day for domestic battery.

The district court held a hearing on the government's motion to revoke supervised release on June 8, 2016. The district court originally characterized the hearing as based on the second motion but later clarified the battery could not be a violation of supervised release because it occurred after the termination of the supervised release period.[3] The district court determined Ford committed a Grade C violation by failing to comply with the residence requirements of his supervised release. The advisory United States Sentencing Guidelines' ("Guideline") range for a Grade C violation with Ford's criminal history was six to twelve months in prison. Taking the arrest for domestic assault into account as a sentencing factor under 18 U.S.C. § 3553(a), along with Ford's past violations, the district court sentenced Ford to eighteen months in prison with no supervised release period to follow.

Ford appealed his sentence, alleging the district court abused its discretion by sentencing Ford to a period of imprisonment greater than the advisory Guideline range. Ford argues the district court committed procedural error by not adequately

---

[3]"The Court is not finding a violation based upon what happened to Ms. Rowe[.]"

considering the Guideline range and placing too much emphasis on the battery. Ford also claims his sentence is substantively unreasonable.

## II.  DISCUSSION

Ford claims the district court did not properly take the advisory Guideline range into account and placed too much weight on his domestic assault. Ford "did not object at sentencing to the adequacy of the district court's explanation or consideration of § 3553(a), so we review his objection on appeal for plain error." *United States v. Gray*, 533 F.3d 942, 945 (8th Cir. 2008). As Ford conceded at the sentencing hearing, the district court could consider the assault as a sentencing factor under § 3553(a). The district court stated it was aware the advisory Guideline range was six to twelve months, but it specifically noted Ford's risk to the community and increased the sentence to eighteen months. The district court did not err when it properly analyzed the § 3553(a) factors.

Ford also argues the sentence is substantively unreasonable. We review the substantive reasonableness of a sentence imposed after the revocation of supervised release under the abuse-of-discretion standard. *United States v. Benton*, 627 F.3d 1051, 1055 (8th Cir. 2010). Abuse-of-discretion analysis is appropriate even when the sentence exceeds the Guideline range. *United States v. Gall*, 552 U.S. 38, 41 (2007). Given Ford's troubled history while on supervised release, and the domestic assault, the district court did not abuse its discretion in sentencing Ford to eighteen months in prison, which is within the statutory limits.[4]

## III.  CONCLUSION

We affirm Ford's sentence.

_____

_____

[4]Because the original supervised release term was two years, the district court could not sentence Ford to more than two years in prison. 18 U.S.C. § 3583(e)(3).