# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1762

_____

United States of America

*Plaintiff - Appellee*

v.

Jesse Mateo Rodrigues

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 12, 2018
Filed: January 8, 2019
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jesse Mateo Rodrigues challenges a 12-month prison sentence he received for violating his supervised-release conditions. Because the district court[1] did not abuse its discretion, we affirm.

Since being placed on supervised release in 2015, Rodrigues has complied with neither the law nor the conditions imposed upon him. Instead, he has at various times tested positive for illegal drugs, attempted to bribe a drug-testing provider, received repeated citations for driving with a revoked license, and been arrested for driving while impaired. More recently, he failed to follow the orders of his probation officer, used methamphetamine, and led a state trooper on a high-speed chase. These events led the district court to revoke Rodrigues's supervised release and return him to prison.

Rodrigues's history of noncompliance played a major role in the district court's decision. The court noted, for example, that it had "seen [Rodrigues] before," that he was a "high risk offender[]," and that he was "someone [who could not] follow instructions." It also rejected Rodrigues's request for placement in a treatment program, despite his mental-health and substance-abuse problems, because he had "sa[id] the same things at [his] last revocation hearing" and had already been kicked out of a reentry program.

The district court imposed a 12-month sentence, which was at the bottom of Rodrigues's advisory range under the Sentencing Guidelines. "We review a sentence imposed upon revocation of supervised release under a deferential[ ]abuse-of-discretion standard." *United States v. DeMarrias*, 895 F.3d 570, 572–73 (8th Cir. 2018) (internal quotation marks and citation omitted). A district court abuses its discretion if it commits a procedural error or imposes a substantively unreasonable sentence. *Id.* at 573.

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

The district court did not commit a procedural error. It accurately calculated Rodrigues's Guidelines range and sufficiently considered the applicable sentencing factors, including his medical needs. 18 U.S.C. § 3553(a)(2)(D); *see also id.* §§ 3553(a), 3583(e)(3); *United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005) ("All that is required is evidence that the court has considered the relevant matters . . . ." (citation omitted)). At the revocation hearing, the court discussed Rodrigues's substance-abuse and mental-health problems and stated that it was "interested in trying to help [him] with those issues." Even so, it decided not to place him in a treatment program, primarily because it weighed other considerations, such as his failure to remain law-abiding, more heavily than his treatment needs. The court was permitted to exercise its discretion in this way. *See United States v. Keating*, 579 F.3d 891, 893–94 (8th Cir. 2009).

As for the length of the sentence, the district court's explanation was sufficient, even if it was not exhaustive. Among other things, the court reviewed Rodrigues's history, emphasized that he had not been able to remain law-abiding, and stated that his "behavior call[ed] for sending [him] back to prison." The court had "wide latitude" to weigh Rodrigues's past conduct heavily in crafting an appropriate sentence. *United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam) (citation omitted).

Finally, Rodrigues suggests that his sentence is substantively unreasonable, but he cannot point to anything in particular to rebut the presumption of reasonableness afforded to a within-Guidelines-range sentence like this one. *See United States v. Petreikis*, 551 F.3d 822, 824–25 (8th Cir. 2009). And were there any doubt, Rodrigues's "troubled history while on supervised release" supports the district court's decision. *United States v. Ford*, 854 F.3d 1030, 1032 (8th Cir. 2017).

Accordingly, we affirm the judgment of the district court.

_____