# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1046

_____

United States of America

*Plaintiff - Appellee*

v.

Tony Allen Hoffman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 10, 2018
Filed: February 14, 2019
[Unpublished]

_____

Before LOKEN, MELLOY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Tony Allen Hoffman served a 24-month prison sentence for possession of counterfeit obligations in violation of 18 U.S.C. § 472 and began serving a three-year term of supervised release on April 17, 2014. He failed to appear for a revocation

hearing and was arrested in Ohio in May 2015. The district court[1] revoked supervised release and sentenced Hoffman to 12 months in prison and one year of supervised release. He began his second term of supervised release in May 2016. A petition to revoke was filed in December, and Hoffman again failed to appear for the revocation hearing. He was arrested in the Southern District of Iowa in December 2017, and the Probation Office filed a supplemental petition to revoke supervision.

At the revocation hearing, Hoffman admitted multiple supervised release violations, including repeated use of methamphetamine, failure to submit for urinalysis testing, associating with persons involved in criminal activity, failing to report to his probation officer, traveling outside the district, and committing new law offenses after absconding from supervision. The court again revoked supervised release. Based on Hoffman's Criminal History Category VI, his advisory guidelines revocation sentencing range was 8 to 14 months in prison. See USSG § 7B1.4(a) Table. The court denied Hoffman's request for a 14-month sentence, the top of that range. Consistent with the recommendation of the Probation Officer and the Assistant United States Attorney, the court sentenced Hoffman to 18 months in prison with no supervised release to follow. See 18 U.S.C. § 3583(e)(3).

On appeal, Hoffman argues the district court abused its discretion and imposed a substantively unreasonable sentence. We review the substantive reasonableness of a revocation sentence for abuse of discretion "even when the sentence exceeds the Guideline range." United States v. Ford, 854 F.3d 1030, 1032 (8th Cir. 2017). In sentencing Hoffman to 18 months imprisonment with no further supervision, the district court noted his "very concerning criminal history" -- nineteen criminal history points including violent convictions and drug convictions -- and that he absconded from supervision and will not try to work through his problems with his probation

---

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

officer. "When I looked at the file before I looked at probation's recommendation, I was going to [impose the maximum] 24 months because of the absconding and because of his horrible criminal history."

Hoffman contends the district court failed to consider "several stressors in his life that caused him to revert back to drug use" -- he has prostate cancer and is HIV positive, and his mother suffers from Alzheimer's disease. Defense counsel presented these factors at sentencing, and "we presume the district court considers such matters as are presented to it." United States v. Grimes, 702 F.3d 460, 471 (8th Cir. 2012). After careful review of the sentencing record, we conclude the district court did not abuse its broad discretion in imposing this revocation prison sentence. This is not "the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

The judgment of the district court is affirmed.

_____