# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1983
_____

United States of America

*Plaintiff - Appellee*

v.

Kyle Dale Clark

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 15, 2019
Filed: July 15, 2019
[Unpublished]

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Kyle Clark's supervised release was revoked and he was sentenced by the district court[1] to nine months' imprisonment after he failed to appear for court-ordered halfway house placements on multiple occasions. Clark appeals claiming his sentence was imposed in violation of 18 U.S.C. §§ 3583(e) and 3553(a). We affirm.

On December 9, 2015, Clark was sentenced to 27 months' imprisonment to be followed by a term of 36 months of supervised release on a charge of Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153(a). While on supervised release, Clark tested positive for methamphetamine and was ordered to appear for a Zero Tolerance hearing in January 2018. After failing to appear, he was placed in a halfway house for three to four months. When Clark failed to report to the halfway house as ordered, the district court issued a warrant for his arrest. Clark was arrested on February 9, 2018, and following a hearing on February 26, 2018, once again ordered to report to the halfway house. Clark again failed to report.

Clark was re-arrested and another hearing was held on April 24, 2018. Clark admitted to all violations, and the parties agreed that his advisory sentencing range was three to nine months' imprisonment. The government requested the maximum sentence, and Clark requested treatment in lieu of imprisonment. Clark was sentenced to nine months' imprisonment to be followed by 120 days in a halfway house. The district court noted that "anything less than nine months . . . will not just promote disrespect for the law, but it will not serve [Clark's] best interests."

"We review the substantive reasonableness of a sentence imposed after the revocation of supervised release under the abuse-of-discretion standard." United States v. Ford, 854 F.3d 1030, 1032 (8th Cir. 2017) (citing United States v. Benton, 627 F.3d 1051, 1055 (8th Cir. 2010)). "The district court abuses its discretion when

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

-2-

it does not consider a factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or makes a clear error of judgment." United States v. White, 840 F.3d 550, 554 (8th Cir. 2016) (citing United States v. Goodon, 742 F.3d 373, 376 (8th Cir. 2014)).

Title 18 U.S.C. § 3583(e) requires that a district court consider most of the factors set forth in 18 U.S.C. § 3553(a) when imposing a revocation sentence. See 18 U.S.C. § 3583(e). Clark argues that, in fashioning the sentence, the district court "gave little consideration," to his need for mental health treatment and failed to articulate a basis for the nine-month prison sentence. Quite to the contrary, the sentencing transcript reveals that the district court gave significant consideration to the many issues confronting Clark at the time of sentencing, including his chemical dependency and mental health issues.

Clark also argues that, because he had not engaged in new criminal conduct, there was no need for deterrence or public protection and so the top of the guidelines sentence in this case is an abuse of discretion and constitutes an unreasonable sentence. There are multiple factors that a district court must consider in imposing a sentence. See 18 U.S.C. § 3553(a)(2). While the court may not have used the specific language of 18 U.S.C. § 3553(a), the court is not required to "provide a mechanical recitation of the § 3553(a) factors when determining a sentence. Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009)). The sentencing transcript here demonstrates that the court's main concern and goal in sentencing was to assist Clark's rehabilitation which fits well within the sentencing factors. See 18 U.S.C. § 3553(a)(2)(D). The district court acted within its discretion in imposing the nine-month sentence given Clark's multiple failures to comply with less restrictive alternatives to incarceration.

We affirm the sentence imposed by the district court.

_____