# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1543
_____

United States of America

*Plaintiff - Appellee*

v.

Corey Burgess

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: October 2, 2020
Filed: October 7, 2020
[Unpublished]
_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Corey Burgess appeals a 24-month prison sentence for violating the conditions of supervised release. Burgess's counsel seeks permission to withdraw and challenges the substantive reasonableness of the sentence. Burgess has also filed a pro se brief. We affirm.

We conclude that the sentence is substantively reasonable. *See United States v. Miller*, 557 F.3d 910, 917 (8th Cir. 2009) (applying an abuse-of-discretion standard); *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008) (stating that a within-Guidelines-range sentence is presumptively reasonable). The record establishes that the district court[1] sufficiently considered the statutory sentencing factors, 18 U.S.C. §§ 3553(a), 3583(e)(3), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006).

We further conclude that the district court did not abuse its discretion in relying on a certified copy of the state-court conviction to prove the violation. *See United States v. Goodon*, 742 F.3d 373, 375–76 (8th Cir. 2014) (concluding that the district court did not abuse its discretion in relying on a certified copy of a conviction as proof that the defendant violated state law). Nor did the revocation proceedings violate due process. *See id.* at 376 (explaining that a defendant "has a limited due process right in connection with [a] revocation hearing" (internal quotation marks omitted)); *see also* Fed. R. Crim. P. 32.1(b) (describing the procedural requirements for revocation proceedings). Finally, we decline to consider the ineffective-assistance-of-counsel claim now. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that ineffective-assistance-of-counsel claims "are usually best litigated in collateral proceedings"). Accordingly, we affirm the judgment and grant counsel permission to withdraw.

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.