**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4009

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD COLT ROLLINS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, Chief District Judge. (1:07-cr-00082-MR-WCM-1)

Submitted: August 3, 2021          Decided: August 11, 2021

Before KING, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ben C. Scales, Jr., LAW OFFICE OF BEN SCALES, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Colt Rollins appeals from the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment. Rollins' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Rollins was prejudiced by the 12-year delay between the filing of the petition seeking revocation of his supervised release based on his alleged violations of several criminal laws and the revocation hearing. The Government has declined to file a brief. Although notified of his right to do so, Rollins has not filed a pro se supplemental brief. We now affirm the district court's judgment.

"We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). "[L]ike parole and probation revocation proceedings, supervised release revocation hearings are not criminal proceedings." *United States v. Riley*, 920 F.3d 200, 206 (4th Cir. 2019) (internal quotation marks omitted). As such, these proceedings do not trigger the "full panoply of rights" that attach in criminal prosecutions, *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972), including the Sixth Amendment's guarantee of a speedy trial, *United States v. Ward*, 770 F.3d 1090, 1098 (4th Cir. 2014). Moreover, the Supreme Court has held that there is "no constitutional duty to provide [a parolee] an adversary parole hearing until he is taken into custody as a parole violator." *Moody v. Daggett*, 429 U.S. 78, 89 (1976). Although the probation officer filed the revocation petition in 2008, Rollins did not enter federal custody on the petition until 2020.

2

"Although there is no constitutional basis for these rights in a revocation proceeding . . . these rights are addressed to some degree by Rule 32.1 of the Federal Rules of Criminal Procedure." *Ward*, 770 F.3d at 1098 n.8. Rule 32.1(b)(2) gives the defendant the right to have a "revocation hearing within a reasonable time." However, a person facing revocation of supervised release may not obtain relief from delay in conducting supervised release revocation proceedings "unless there was both unreasonable delay and prejudice." *United States v. Santana*, 526 F.3d 1257, 1260 (9th Cir. 2008). A delay may frustrate a defendant's due process rights if it undermines his ability to contest the issue underlying the violation or to proffer mitigating evidence. *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994) (per curiam).

We conclude that Rollins cannot establish prejudice. To revoke supervised release, a district court need only find a violation of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). While Rollins claimed that he did not commit the conduct underlying his state convictions, the jury's verdict alone provided the district court a sufficient basis to revoke his supervised release. *See, e.g.*, *United States v. Goodon*, 742 F.3d 373, 376 (8th Cir. 2014); *United States v. Trowery*, 401 F. App'x 642, 644 (3d Cir. 2010); *United States v. Spraglin*, 418 F.3d 479, 481 (5th Cir. 2005); *United States v. Huusko*, 275 F.3d 600, 602–03 (7th Cir. 2001). Moreover, Rollins is still serving his state sentence and has yet to enter federal custody to serve his revocation sentence. Accordingly, we discern no prejudice to Rollins from the 12-year delay between the filing of the revocation petition and the revocation hearing.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. Accordingly, we affirm the district court's judgment and, at this juncture, deny counsel's motion to withdraw. This court requires that counsel inform Rollins, in writing, of the right to petition the Supreme Court of the United States for further review. If Rollins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rollins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*