# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2125
_____

United States of America

*Plaintiff - Appellee*

v.

Anton Moore

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri
_____

Submitted: September 19, 2023
Filed: November 6, 2023
[Unpublished]
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Anton Moore appeals a district court[1] order sentencing him to nine months of imprisonment for violating the terms of his supervised release. Moore contends the district court impermissibly imposed the sentence to rehabilitate Moore in violation

_____

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

of 18 U.S.C. § 3582 and the Supreme Court's holding in *Tapia v. United States*, 564 U.S. 319, 321 (2011). We affirm.

In January 2021, after Moore pled guilty to unlawful possession of a firearm as a felon, the district court sentenced Moore to thirty-eight months of imprisonment, followed by three years of supervised release. Moore was released under supervision in October 2022. During his release, Moore was required to refrain from illegal drug use and participate in substance abuse treatment. Less than three months later, in January 2023, Moore missed the intake for his first substance abuse treatment. He failed to report to any intake appointments for four consecutive weeks, and on January 21, 2023, he tested positive for marijuana and amphetamines. Moore admitted to these violations.

During the revocation hearing, the district court imposed a sentence of nine months, followed by two years of supervised release, which was within the advisory United States Sentencing Guidelines Manual ("Guidelines") range. After this pronouncement, defense counsel asked for clarification of the district court's reason for not imposing a lesser sentence. As part of its response, the district court explained that a custodial setting would provide Moore with "structure" that would enable him "to participate in the treatment programs." Defense counsel objected "to the extent [the district court] based [the] sentence on rehabilitation programs within the [Bureau of Prisons.]" The district court responded, saying the objection "misstate[d]" its reasoning. The district court then clarified that Moore "demonstrated he needs structure, and I think that a custodial sentence is appropriate for his failures to participate in the programs that have been made available to him."

On appeal, Moore argues the district court's reason for imposing the sentence violated 18 U.S.C. § 3582 and *Tapia*. We review these alleged violations de novo. *See United States v. Lewis*, 519 F.3d 822, 824 (8th Cir. 2008).

District courts consider a variety of factors when revoking supervised release, as specified in 18 U.S.C. § 3553(a). But 18 U.S.C. § 3582(a) prohibits imprisonment

for the purpose of "promoting correction and rehabilitation." *See Tapia*, 564 U.S. at 327 (holding § 3582(a) prohibits sentencing courts from imposing or lengthening a prison term to promote a defendant's rehabilitation). Moore argues the district court imposed a lengthened prison sentence so Moore could receive rehabilitative treatment.

We disagree. While the district court made several references to treatment and rehabilitation in relation to Moore's sentence,[2] it did so in the context of addressing Moore's letter, in which Moore requested rehabilitative care outside a custodial setting in lieu of prison time. The district court acknowledged Moore's "very thoughtful" letter requesting treatment, but denied his request for no prison time, emphasizing that Moore had been offered noncustodial rehabilitative opportunities and had not taken advantage of them. After these opening remarks, the district court found imprisonment proper because Moore "violate[d] his terms" of supervised release. The district court also considered the relevant sentencing factors of 18 U.S.C. § 3553(a) and the pertinent policy statements in the Guidelines. This reasoning aligns with considering "the nature and circumstances of the violations and the history and characteristics of the defendant." *Id.* § 3553(a)(1); *see also United States v. Goodon*, 742 F.3d 373, 376–77 (8th Cir. 2014). Although the district court did not specifically outline the § 3553 factors, it was not required to do so. *See United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.") (alteration in original) (quoting *Rita v. United States,* 551 U.S. 338, 356 (2007)). Indeed, we presume district courts "know

---

[2]During the sentencing, the district court discussed and recommended treatment options for Moore. That discussion, by itself, does not violate § 3582(a). *See Tapia*, 564 U.S. at 334 ("A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs."). "[D]istrict courts are permitted to 'make recommendations to the Bureau of Prisons (BOP) regarding treatment programs and can discuss the benefits of such programs with defendants at sentencing.'" *United States v. Holdsworth*, 830 F.3d 779, 784–85 (8th Cir. 2016) (quoting *United States v. Blackmon*, 662 F.3d 981, 986 (8th Cir. 2011)).

the law in regard to sentencing and need not recite each factor to be upheld." *United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009).

If there was any doubt as to the propriety of the district court's reason for imposing its sentence, the district court clarified itself later in the hearing after Moore's counsel objected. The district court expressly disavowed basing the sentence on rehabilitation programs within the Bureau of Prisons and clarified it simply meant "a custodial sentence is appropriate for [Moore's] failures to participate in the programs that have been made available to him." In other words, the district court found Moore's supervised-release violations warranted imprisonment.

In conclusion, although some of the district court's statements could be viewed in isolation to violate 18 U.S.C. § 3582(a) and *Tapia*, the record as a whole reveals no such error.

We affirm the district court's within-Guidelines revocation sentence.

_____