**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4298

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY P. SPENCER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:17-cr-00069-REP-1)

Submitted:  March 26, 2026                          Decided:  March 30, 2026

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Erik S. Siebert, United States Attorney, James Reed Sawyers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony P. Spencer pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Spencer to 48 months' imprisonment and three years of supervised release.  In 2022, while he was serving his term of supervision, Spencer was arrested and charged with several state law offenses.  The probation officer filed a petition to revoke Spencer's supervised release on the ground that he violated the terms of his release by committing new criminal offenses.  The district court subsequently revoked Spencer's supervised release and sentenced him to 24 months' imprisonment, with no further term of supervised release.  On appeal, Spencer argues that the district court erred in revoking his supervised release by relying solely on certified state court documents regarding his state criminal convictions without determining whether he committed the underlying offenses.  Spencer explains that he is raising the issue in order to preserve it in the event his convictions are vacated on appeal by the Virginia state courts. We affirm.

We review for an abuse of discretion a district court's decision to revoke a defendant's supervised release, and we review the factual findings underlying a revocation for clear error.  *See United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015).  But because Spencer did not object to the revocation of his supervised release on the basis identified on appeal, we review only for plain error.  *See United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019).  Under this standard, Spencer must show "(1) an error, (2) that is plain, and (3) that affected his substantial rights, which typically means that the error must have affected the outcome of the district court proceedings."  *Id.* (citation

2

modified).  "We will correct the error, moreover, only where not doing so would result in a miscarriage of justice, or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings."  *Id.* (citation modified).

We conclude that Spencer has not shown that the district court plainly erred in finding that he violated a mandatory condition of his supervised release by committing new criminal offenses and therefore in revoking his supervised release.  To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence.  18 U.S.C. § 3583(e)(3).  While Spencer maintained his innocence of the underlying criminal offenses, the certified state court copies of the jury's verdict and the sentencing order provided the district court a sufficient basis to revoke his supervised release.  *See, e.g.*, *United States v. Goodon*, 742 F.3d 373, 375-76 (8th Cir. 2014).  We discern no error, let alone plain error, that affected Spencer's substantial rights.  Accordingly, we affirm the district court's revocation judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3