**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4409

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL HEGGINS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:15-cr-00127-MOC-DCK-1)

Submitted:  April 17, 2026                                     Decided:  May 5, 2026

Before NIEMEYER and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  Russ Ferguson, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Heggins appeals the district court's judgment revoking his supervised release and sentencing him to a term of 12 months' imprisonment. While on supervised release, Heggins was convicted of aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 2, 1343. At the revocation hearing, the district court permitted a law enforcement agent to testify regarding out-of-court statements made at Heggins's wire fraud trial by a witness, and to recount the substance of that witness's prior sworn testimony at that trial. On appeal, Heggins argues that the district court abused its discretion when it admitted hearsay evidence at the revocation hearing. We affirm.

"We review a district court's evidentiary decisions in a supervised release revocation hearing for abuse of discretion." *United States v. Williams*, 134 F.4th 134, 138 (4th Cir. 2025) (internal quotation marks omitted). At a revocation hearing, a defendant is entitled to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C). When seeking to admit statements from an absent adverse witness, the government must "provid[e] a sufficient explanation for not producing the declarant by making at least some showing of good cause for why the relevant witness is unavailable." *Williams*, 134 F.4th at 139 (internal quotation marks omitted). If the government fails to do so, then the proposed hearsay evidence is inadmissible. *Id.* If, however, the government establishes good cause, then the district court decides whether to admit the evidence by balancing the government's explanation against "the releasee's interest in confronting [the] adverse witness." *United States v. Wheeler*, 130 F.4th 406, 416 (4th Cir. 2025) (internal quotation

2

marks omitted).  The court must conduct the required balancing of the interests "on the record." *Id.* at 417.

Even if a district court errs in admitting hearsay, we review the erroneous admission of evidence during a revocation hearing for harmless error. *Wheeler*, 130 F.4th at 415.  In the context of a revocation hearing, "an error in admitting hearsay evidence can be harmless if the error had no substantial and injurious effect or influence on the outcome." *Id.* at 419 (internal quotation marks omitted).  Here, the district court's revocation decision was independently supported by properly admitted evidence, including the criminal judgment reflecting Heggins's conviction for aiding and abetting wire fraud.  The criminal judgment alone was sufficient to establish, by a preponderance of the evidence, that Heggins violated his supervised release.  *See, e.g., United States v. Goodon*, 742 F.3d 373, 376 (8th Cir. 2014).  In addition, the record included corroborating documentary evidence linking Heggins to the violative conduct.

Because the district court would have reached the same result absent the hearsay, any error in admitting that evidence did not have a substantial or injurious effect on the outcome.  Accordingly, we affirm the district court's judgment.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Heggins filed a motion to expedite our review of his appeal.  We deny that motion.

3